000000.63

**FILED**

DEC 2 1 2007  NF

*Dec. 21, 2007*

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MAUREEN TOOMEY,

      Plaintiff,

    v.

SANOFI-AVENTIS U.S. INC.
f/k/a AVENTIS PHARMACEUTICALS
INC., f/k/a HOECHST MARION
ROUSSELL, INC.; WALGREEN CO.;
and BOND DRUG COMPANY OF
ILLINOIS d/b/a WALGREEN CO.,
a corporation,

      Defendants

07CV 7173
JUDGE MANNING
MAGISTRATE JUDGE  ASHMAN

(Removed from the Circuit Court of Cook
County, Illinois, Case No. 07 L 8730)

## NOTICE OF FILING

TO:    See Attached Service List

    PLEASE TAKE NOTICE that on December 21, 2007, we filed with the Clerk of the Northern District of Illinois, Eastern Division, **Defendant Sanofi-Aventis U.S. Inc., f/k/a Aventis Pharmaceuticals, Inc., f/k/a Hoechst Marion Roussell, Inc.'s Civil Cover Sheet, Appearance, and Notice of Removal**, a copy of which is attached hereto.

*Donohue Brown Mathewson & Smyth LLC*

DONOHUE BROWN MATHEWSON & SMYTH LLC

I.D. #32878
DONOHUE BROWN MATHEWSON & SMYTH LLC
140 South Dearborn Street, Suite 800
Chicago, IL  60603
Telephone:    (312) 422-0900
Facsimile:    (312) 422-0909

## PROOF OF SERVICE

    I, Abe Olivo, a non-attorney, on oath hereby certifies under penalties of perjury as provided by law pursuant to Ill. Rev. Stat., ch. 110, par. 1-109 [735 ILCS 5/1-109], that the above notice and any attached pleading(s) were ( ) personally delivered or **(X) placed in the U.S. Mail** at 140 South Dearborn Street, Chicago, Illinois, with first class postage prepaid and directed to the parties at the addresses set forth above at or before 5:00 p.m. on December 21, 2007.

*Abe Olivo*

Toomey v. Sanofi-Aventis U.S., Inc., et al
Court No. 07 L 008730
Our File:  Not assigned yet

## SERVICE LIST

Joseph A. Power, Jr.
Power, Rogers & Smith PC
70 West Madison Street
55th Floor
Chicago, Illinois, 60602-4212
Telephone:     (312) 236-0920
Facsimile:     (312) 236-9381


Michael C. Holy
Johnson & Bell, Ltd.
33 West Monroe Street
Suite 2700
Chicago, Illinois, 60603-5404
Telephone:     (312) 984-6682
Facsimile:     (312) 372-0522

**FILED**

Dec. 21, 2007  NR

DEC 2 1 2007

000000.53

MICHAEL W. DOBBINS

CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAUREEN TOOMEY,

               Plaintiff,

    v.

SANOFI-AVENTIS U.S. INC.
f/k/a AVENTIS PHARMACEUTICALS
INC., f/k/a HOECHST MARION
ROUSSELL, INC.; WALGREEN CO.;
and BOND DRUG COMPANY OF
ILLINOIS d/b/a WALGREEN CO.,
a corporation,

               Defendants

07CV 7173
JUDGE MANNING
MAGISTRATE JUDGE ASHMAN

No.

(Removed from the Circuit Court of Cook
County, Illinois, Case No. 07 L 8730)

## NOTICE OF REMOVAL

    1.    This is a civil action within the meaning of the Acts of Congress relating to removal of cases.  See 28 U.S.C. § 1441(b) and 1446(b).

    2.    Plaintiff Maureen Toomey ("Plaintiff") filed this civil action, case number 07 L 008730, in the Circuit Court of Cook County, Illinois, on August 17, 2007, against sanofi-aventis.  Plaintiff also named as co-defendants Walgreen Co. and Bond Drug Company of Illinois, L.L.C. d/b/a Walgreens (collectively "Walgreens").  A copy of the notice of removal filed with the Circuit Court of Cook County is attached hereto as Exhibit "A."

    3.    Sanofi-aventis removes this action to the United States District Court for the Northern District of Illinois, Eastern Division, which is the judicial district and division in which the action is currently pending.

4.    Plaintiff alleges in her Complaint at Law ("Complaint") that she suffered injury as a result of her ingestion of the prescription antibiotic telithromycin, also known as Ketek®. (Complaint ¶ 29-30).  Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served on sanofi-aventis in this action, including the Complaint, are attached as Exhibit "B."

5.    Removal is timely pursuant to 28 U.S.C. § 1446(b).  Sanofi-aventis was served with a copy of Plaintiff's Complaint on November 27, 2007, through its registered agent, Corporation Service Company.  Less than thirty days have passed since sanofi-aventis was served, and this Notice of Removal is filed within one year of the commencement of this action. See FED. R. CIV. P. 6.

6.    Because Walgreens is not a properly joined defendant in this action, sanofi-aventis may remove this action without Walgreens joining in the removal.  See, e.g., Jernigan v. Ashland Oil Co., 989 F.2d 812, 815 (5th Cir. 1993) ("[I]n cases involving alleged improper or fraudulent joinder of parties, however, application of [the consent] requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.").  In addition, although Walgreens was served with a copy of Plaintiff's Complaint more than thirty days prior to the date of this Notice of Removal, because Walgreens was fraudulently joined, the time in which the case may be removed does not run from the date of service upon Walgreens.  See Eaglestar Intertrade Ltd. v. Dafen Asset Finance Ltd., 2006 U.S. Dist. LEXIS 86176 (E.D. Wis. Nov. 27, 2006); Hodges v. The Hartford Ins. Co., 2006 U.S. Dist. LEXIS 47361 (N.D. Miss. July 11, 2006).

7.    This Court has original diversity subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the properly joined

parties, no properly joined defendant is a citizen or resident of Illinois, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

### I.    COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFF AND SANOFI-AVENTIS.

8.    Sanofi-aventis is, and was at the time of the institution of this case, a Delaware corporation that maintains its principal place of business in New Jersey. Sanofi-aventis is not a citizen or resident of Illinois.

9.    Plaintiff did not plead her own citizenship in her Complaint.

10.    Upon information and belief, Plaintiff is, and was at all times relevant to her Complaint, a citizen of Illinois. Plaintiff does not allege in her Complaint that she is, or was at any time relevant to the Complaint, a citizen or resident of any state other than Illinois.

11.    The facts alleged in Plaintiff's Complaint suggest that Plaintiff is not a citizen of either Delaware or New Jersey. Plaintiff was allegedly prescribed Ketek® by an Illinois-licensed physician and filled that prescription at Walgreens in Evanston, Illinois. (Complaint ¶¶ 3-5). Plaintiff allegedly was admitted to Evanston Hospital in Illinois on or about September 16, 2005; October 21, 2005; and December 12, 2005. (Complaint ¶¶ 10-12, 15). Plaintiff allegedly consulted with a neurologist at Evanston Hospital in Illinois in February 2006. (Complaint ¶ 16). Plaintiff allegedly was treated by a doctor at Northwestern Memorial Hospital in Illinois in May 2006. (Complaint ¶ 17).

12.    Accordingly, complete diversity of citizenship exists between the Plaintiff and sanofi-aventis.

13.    As explained infra, Plaintiff has fraudulently joined Walgreens to this action, and thus the Court should disregard Walgreens' citizenship when determining whether complete diversity of citizenship exists.  See Schwartz v. State Farm Mut. Auto Ins. Co., 174 F.3d 875, 878 (7th Cir. 1999); Gottlieb v. Westin Hotel Co., 990 F.2d 323, 327 (7th Cir. 1993).

## II.    WALGREENS, THE ONLY NAMED DEFENDANT THAT IS A RESIDENT OF ILLINOIS, WAS FRAUDULENTLY JOINED.

14.    The doctrine of fraudulent joinder dictates that a defendant's citizenship is ignored for the purpose of diversity jurisdiction when "there is no possibility that a plaintiff can state a cause of action against [the] nondiverse defendant[]...." Gottlieb, supra.[1]  A copy of Walgreens' motion to dismiss filed in the Circuit Court of Cook County is attached hereto as Exhibit "C."

15.    As this Court has held, a defendant is fraudulently joined when state law fails to impose upon that defendant any duty toward the plaintiff that could support recovery. See, e.g., Bergman v. U.S. Silica, 2006 U.S. Dist. LEXIS 76500, *18-22 (N.D. Ill. 2006) (holding that a trucking company was fraudulently joined in a products-liability action when applicable Illinois law did not impose any duty on providers of peripheral services, such as transportation, related to the product at issue); Sandage v. Cottrell, Inc., 2006 U.S. Dist. LEXIS 67419, *14-21 (holding that car dealership, financial lessor, and holding company were fraudulently joined in a products-liability action because Illinois law did not impose on them any duty to the plaintiff).

16.    With respect to pharmaceuticals, Illinois law provides that, absent special circumstances not alleged in Plaintiff's Complaint, a pharmacist has no duty to provide warnings

- 4 -

to a patient concerning appropriate dosages or adverse effects of a prescription drug. See

Fakhouri v. Taylor, 248 Ill. App. 3d 328 (1993) (holding that because of the learned-intermediary

doctrine, a pharmacist has no duty to warn that drugs are being prescribed in excessive

quantities); Leesley v. West, 165 Ill. App. 3d 135 (1988) (applying the learned-intermediary

doctrine and holding that that the defendant pharmacy had no duty to pass on to a customer

relevant warnings given to it by the manufacturer of a prescription drug because such duty

belonged solely to the physician).

17.    Plaintiff's claim against Walgreens is based solely on Plaintiff's contention that

"the manufacturer and distributor of prescription drugs had a duty to warn consumers such as

MAUREEN TOOMEY of the dangers and adverse reactions of those drugs as well as indications

for use." (Complaint ¶ 29) (emphasis added).

18.    Plaintiff's contention is incorrect as a matter of law. Absent special

circumstances--which Plaintiff has not alleged--a pharmacy has no duty to warn an individual of

any potential side effect of or adverse reaction to a prescription drug. See Fakhouri and Leesley,

supra. Plaintiff's Complaint, therefore does not state a cause of action against Walgreens, and

thus the doctrine of fraudulent joinder applies to Walgreens. The Court should therefore

disregard Walgreens' citizenship in the removal analysis and hold that complete diversity of

citizenship exists in this action.

## III.    THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED.

---

[1]    In this context, the term "fraudulent" does not necessarily connote misrepresentation by the plaintiff but is instead a term of art that typically "involves a claim against an in-state defendant that simply has no chance of success whatever the plaintiff's motives." Poulos v. Naas Foods, Inc., 959 F.2d 69, 73 (7th Cir. 1992) (citing cases).

19.     The amount-in-controversy requirement is satisfied in this case. Plaintiff's Complaint alleges that Plaintiff has been diagnosed with stones in her gallbladder, pancreatitis, auto immune hepatitis, carpal tunnel syndrome and inflammatory poly arthritis. (Complaint ¶¶ 9, 11, 16, 17.) In addition, Plaintiff allegedly has been admitted to the hospital three times and has undergone laparscopic surgery. (Complaint ¶ 10, 12, 15.). Plaintiff contends that she has been "injured, has experienced pain and suffering; has been disabled and disfigured; has incurred expenses for medical, prescription, therapy, and other similar expenses; and has lost wages." (Complaint ¶ 30).

20.     Plaintiff seeks unlimited damages for her alleged injuries "in excess of FIFTY THOUSAND DOLLARS ($50,000.00)." (Complaint page 6, ad damnum clause).

21.     In a case such as this one, where Plaintiff provides little information about the value of her claims, "a good-faith estimate of the stakes is acceptable" to establish the amount in controversy if that good-faith estimate is "plausible and supported by a preponderance of the evidence." See, e.g, Rubel v. Pfizer, Inc., 361 F.3d 1016, 1020 (7th Cir. 2004).

22.     Here, a good-faith estimate reveals that the amount in controversy in this case exceeds $75,000.00, exclusive of interests and costs. See Campbell v. Bayou Steel Corp., 338 F. Supp. 2d 896 (N.D. Ill. 2004) (defendants were on notice that damages sought exceeded $75,000 where plaintiff alleged severe and permanent injuries and compensation for extensive medical treatment); McCoy v. General Motors Corp., 226 F. Supp. 2d 939 (N.D. Ill. 2002) (complaint obviously sought in excess of $75,000 in damages where plaintiff alleged lasting and permanent injuries, medical, surgical and hospital bills, lost wages and lost profits); Andrews v. E.I. Du Pont De Nemours & Co., 447 F.3d 510, 514-15 (7th Cir. 2006) (finding amount in controversy

- 6 -

satisfied in action removed from Illinois state court where plaintiff sought damages "in excess of $50,000" and alleged that he suffered "severe and permanent" injuries to his head, ribs, and back and also sought damages for pain and suffering, past and future lost wages, past and future medical expenses, and for disabilities suffered).

23.    Pursuant to these authorities, Plaintiff's allegations establish that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

## IV.    SANOFI-AVENTIS HAS SATISFIED ALL OTHER REQUIREMENTS FOR REMOVAL.

24.    Sanofi-aventis has provided written notice of this removal to Plaintiff's counsel.

25.    Sanofi-Aventis will also promptly file a copy of this Notice of Removal in the Circuit Court of Cook County, Illinois.  A copy of sanofi-aventis' Notice of Filing of Notice of Removal is attached as Exhibit "B."

26.    If any question arises concerning the propriety of this removal, sanofi-aventis respectfully requests an opportunity to present a brief, evidence, and oral argument to further establish that this case is properly removable.

WHEREFORE sanofi-aventis removes this case from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division.

This 21st day of December, 2007.

Respectfully submitted,

DONOHUE BROWN MATHEWSON & SMYTH LLC

By: _____
     Bryan J. Kirsch

- 7 -

DONOHUE BROWN MATHEWSON & SMYTH LLC
Donald J. Brown (ARDC #0312630)
John A. Krivicich (ARDC #3127319)
Bryan J. Kirsch (ARDC #6277793)
140 South Dearborn Street, Suite 800
Chicago, IL  60603
Telephone:    (312) 422-0900
Facsimile:    (312) 422-0909

Of Counsel:
N. Karen Deming
Georgia Bar No. 217581
TROUTMAN SANDERS LLP
Bank of America Plaza, Suite 5200
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
Telephone:    (404) 885-3000
Facsimile:    (404) 885-3900

000000.61

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MAUREEN TOOMEY,<br><br>        Plaintiff,<br><br>    v.<br><br>SANOFI-AVENTIS U.S. INC.<br>f/k/a AVENTIS PHARMACEUTICALS<br>INC., f/k/a HOECHST MARION<br>ROUSSELL, INC.; WALGREEN CO.;<br>and BOND DRUG COMPANY OF<br>ILLINOIS d/b/a WALGREEN CO.,<br>a corporation,<br><br>        Defendants. | No.  07 L 008730 |

### NOTICE OF FILING

TO:    See Attached Service List

PLEASE TAKE NOTICE that on December 21, 2007, we filed with the Clerk of the Circuit

Court of Cook County, Illinois, Defendant Sanofi-Aventis U.S. Inc., f/k/a Aventis Pharmaceuticals

Inc., f/k/a Hoechst Marion Roussell, Inc.'s **Notice of Removal**, a copy of which is attached hereto.

*Donohue Brown Mathewson & Smyth LLC*

DONOHUE BROWN MATHEWSON & SMYTH LLC

I.D. #32878
DONOHUE BROWN MATHEWSON & SMYTH LLC
140 South Dearborn Street, Suite 800
Chicago, IL  60603
Telephone:    (312) 422-0900
Facsimile:    (312) 422-0909

### PROOF OF SERVICE

I, Abe Olivo, a non-attorney, on oath hereby certifies under penalties of perjury as provided by law
pursuant to Ill. Rev. Stat., ch. 110, par. 1-109 [735 ILCS 5/1-109], that the above notice and any attached
pleading(s) were ( ) personally delivered or **(X) placed in the U.S. Mail** at 140 South Dearborn Street,
Chicago, Illinois, with first class postage prepaid and directed to the parties at the addresses set forth above at
or before 5:00 p.m. on December 21, 2007.

*Abe Olivo*                    "Exhibit A"

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

| SUMMONS | ALIAS - SUMMONS | (Rev. 3/21/95) CCG-1 |
|---|---|---|

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

MAUREEN TOOMEY

                                        Plaintiff,

                        V.                                          No. 07 L 008730

                                                                    MOTION CALL

SANOFI-AVENTIS U.S. INC.,                                           Sheriff:
F/K/A/ AVENTIS PHARMACEUTICALS INC., F/K/A/
SANOFI-AVENTIS MARION ROUSSEL, INC.;                                See reverse side.
WALGREEN CO.; and
BOND DRUG COMPANY OF ILLINOIS D/B/A WALGREEN CO.,
a corporalioan,

                                        Defendants.
                            **ALIAS SUMMONS**

To each defendant:

        YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto
attached, or otherwise file appearance, in the office of the Clerk of this Court at the following locations:

    ☒ _____ Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602
    ☐    District 2 - Skokie         ☐  District 3 - Rolling Meadows    ☐  District 4 - Maywood
         5600 Old Orchard Rd.            2121 Euclid                        1500 Maybrook Ave.
         Skokie, IL 60077                Rolling Meadows, IL 60008          Maywood, IL 60153
    ☐    District 5 - Bridgeview     ☐  District 6 - Markham
         10220 S. 76th Ave.              16501 S. Kedzie Pkwy.
         Bridgeview, IL 60455            Markham, IL 60426

You must file within 30 days after service of this summons, not counting the day of service.  IF YOU FAIL TO DO SO,
A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE
COMPLAINT.
TO THE OFFICER:    This summons must be returned by the officer or other person to whom it was given for service,
with endorsement of service and fees, if any, immediately after service.  If service cannot be made, this summons shall be
returned so endorsed.  This summons may not be served later than 30 days after its date.

Name POWER ROGERS & SMITH, P.C.    WITNESS,          NOV 1 4 2007          , 20 _____
        Joseph A. Power, Jr.                               Court of _____
Attorney for   Plaintiff(s)                          _____
Address        70 W. Madison St., 55th Floor                     Clerk of Court
City           Chicago, Illinois  60602
Telephone      312-236-9381
Atty. No.      31444                                 Date of service:........................,20.....
                                                        (To be inserted by officer on copy left with
                                                                    defendant or other person)
**Service by Facsimile Transmission will be accepted at: _____ 312-236-0920
                                                     (Area Code) (Facsimile Telephone Number)
        DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Exhibit  B



**PLEASE SERVE DEFENDANTS:**

SANOFI-AVENTIS U.S. INC.
F/K/A/ AVENTIS PHARMACEUTICALS INC.
F/K/A/ HOESCH MARION ROUSSEL, INC.
C/O Illinois Corporation Service C, Registered Agent
801 Adlai Stevenson Drive
Springfield, IL 62703

SHERIFF OF SANGAMON COUNTY, IL

SANOFI-AVENTIS U.S. INC.
F/K/A/ AVENTIS PHARMACEUTICAL INC.
F/K/A HOESCH MARION ROUSSEL, INC.
C/O Timothy Rothwell, President
300 Somerset Corporate Blvd.
Bridgewater, New Jersey

SHERIFF OF SOMERSET COUNTY, NEW JERSEY

2120 - Served              2121 - Served
2220 - Not Served          2221 - Not Served
2320 - Served By Mail      2321 - Served By Mail
2420 - Served By Publication   2421 - Served By Publication

SUMMONS                    ALIAS - SUMMONS                    (Rev. 3/21/95) CCG-1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

MAUREEN TOOMEY

                       Plaintiff,

                V.                No. 07 L 008730

                                  MOTION CALL

SANOFI-AVENTIS U.S. INC.                    Sheriff:
F/K/A/ AVENTIS PHARMACEUTICALS INC., F/K/A/
SANOFI-AVENTIS MARION ROUSSEL, INC.;        See reverse side.
WALGREEN CO.; and
BOND DRUG COMPANY OF ILLINOIS D/B/A WALGREEN CO.,
a corporatioan,

                     Defendants.
                   **ALIAS SUMMONS**

**To each defendant:**

        **YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court at the following locations:

- ☒     Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602

    ☐     District 2 - Skokie    ☐   District 3 - Rolling Meadows    ☐   District 4 - Maywood
                 5600 Old Orchard Rd.            2121 Euclid                1500 Maybrook Ave.
                 Skokie, IL 60077                Rolling Meadows, IL 60008       Maywood, IL 60153
    ☐     District 5 - Bridgeview    ☐   District 6 - Markham
                 10220 S. 76th Ave.          16501 S. Kedzie Pkwy.
                 Bridgeview, IL 60455        Markham, IL 60426

**You must file within 30 days after service of this summons, not counting the day of service.  IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**
**TO THE OFFICER:**   This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Name POWER ROGERS & SMITH, P.C.   WITNESS,                      ,20
        Joseph A. Power, Jr.
Attorney for  Plaintiff(s)                             Clerk of Court
Address    70 W. Madison St., 55th Floor
City       Chicago, Illinois  60602
Telephone  312-236-9381
Atty. No.    31444                     Date of service:. . . . . . . . . . . . . . . . . . . . . . . . . . ,20. . . . .
                                         (To be inserted by officer on copy left with
                                           defendant or other person)

**Service by Facsimile Transmission will be accepted at: _____ 312-236-0920
                                     (Area Code) (Facsimile Telephone Number)
      DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**PLEASE SERVE DEFENDANTS:**

SANOFI-AVENTIS U.S. INC.
F/K/A/ AVENTIS PHARMACEUTICALS INC.
F/K/A/ HOESCH MARION ROUSSEL, INC.
C/O Illinois Corporation Service C, Registered Agent
801 Adlai Stevenson Drive
Springfield, IL 62703

SHERIFF OF SANGAMON COUNTY, IL

SANOFI-AVENTIS U.S. INC.
F/K/A/ AVENTIS PHARMACEUTICAL INC.
F/K/A HOESCH MARION ROUSSEL, INC.
C/O Timothy Rothwell, President
300 Somerset Corporate Blvd.
Bridgewater, New Jersey

SHERIFF OF SOMERSET COUNTY, NEW JERSEY

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

MAUREEN TOOMEY,                          )
                                         )
              Plaintiff,                  )
                                         )
        vs.                               )         No.
                                         )
SANOFI-AVENTIS U.S. INC.                  )
F/K/A AVENTIS PHARMACEUTICALS            )
INC., F/K/A                               )
HOECHST MARION ROUSSEL, INC.;            )
WALGREEN CO.; and                         )
BOND DRUG COMPANY OF                      )
ILLINOIS D/B/A WALGREEN CO.,             )
a corporation,                            )
                                         )
              Defendants.                 )

## COMPLAINT AT LAW

NOW COMES Plaintiff, MAUREEN TOOMEY, by and through her attorneys POWER,

ROGERS & SMITH, P.C., and hereby complaining of Defendants, SANOFI-AVENTIS U.S. INC.

F/K/A AVENTIS PHARMACEUTICALS INC., F/K/A HOECHST MARION ROUSSEL, INC.

(hereinafter referred to as "SANOFI-AVENTIS");   and WALGREEN CO. and BOND DRUG

COMPANY OF ILLINOIS D/B/A WALGREEN CO. (hereinafter referred to as "WALGREENS"),

pleading hypothetically and in the alternative, states:

    1. That prior to August 24, 2005, SANOFI-AVENTIS was a manufacturer of many

prescription drugs including, but not limited to, the drug commonly referred to as Ketek.

    2. That prior to August 24, 2005, WALGREENS was a distributor of many prescription drugs

including, but not limited to, the drug commonly referred to as Ketek.

3. That on or about August 24, 2005, KIMBERLY RICUARTE was a licensed physician in the State of Illinois and all of its branches.

4. That on or about August 24, 2005, KIMBERLY RICUARTE, prescribed a drug for MAUREEN TOOMEY commonly referred to as Ketek, 400 mg. for sinusitis.

5. That on or about August 24, 2005, MAUREEN TOOMEY filled a prescription for Ketek, 400mgs. at WALGREENS, 2100 Green Bay Road, Evanston, Illinois, 60201.

6. That on or about August 24, 2005, MAUREEN TOOMEY consumed the prescription drug commonly referred to as Ketek, 400mg. until about mid-September, 2005.

7. That on or about September 11, 2005, MAUREEN TOOMEY's urine became dark, and she began to have other symptoms including nausea.

8. That on or about September 11, 2005, MAUREEN TOOMEY was treated by Emily Gottlieb, M.D., who performed a urinalysis.

9. That on or after September 11, 2005, results from the urinalysis of MAUREEN TOOMEY, found bile in her urine and stones in her gallbladder.

10. That on or about September 16, 2005, MAUREEN TOOMEY was admitted to Evanston Hospital.

11. That on or about September 16, 2005, Evanston Hospital, through an agent or employee, performed an ERCP which revealed MAUREEN TOOMEY had pancreatitis and an unknown caused hepatitis.

12. That on or about October 21, 2005, MAUREEN TOOMEY was re-admitted to Evanston Hospital.

Page 2

13.    That on or about October 21, 2005, a CT scan of MAUREEN TOOMEY determined she had an extremely enlarged gallbladder from the hepatitis.

14.    That on or about October 21, 2005 continuing through December 12, 2005, MAUREEN TOOMEY was treated with Augmentin.

15.    That on or about December 12, 2005, MAUREEN TOOMEY was admitted to Evanston Hospital for laparoscopic Surgery.

16.    That in late February, 2006, MAUREEN TOOMEY started to experience arthralgia, and consulted with Emily Gottlieb, M.D., and a neurologist at Evanston Hospital, and it was determined she had carpal tunnel syndrome.

17.    That on or about May 9, 2006, MAUREEN TOOMEY was treated by Richard M. Green, M.D., of Northwestern Memorial Hospital, and he diagnosed MAUREEN TOOMEY with auto immune Hepatitis.

18.    That on or about May 12, 2006, MAUREEN TOOMEY checked into the Mayo Clinic of Rochester, Minnesota, where they prescribed her with 40 mg. of Prednisone.

19.    That in August, 2006, MAUREEN TOOMEY was treated by Cheryl Wilkes, M.D., who told her she could not to return to work due to the stress.

20.    That in November, 2006, MAUREEN TOOMEY was treated by Mark Moltch, M.D., and he told her all of her medical problems had returned.

21.    That on or about January 12, 2007, MAUREEN TOOMEY was treated by Christy Park, M.D., who diagnosed her with inflammatory poly arthritis, which was a complication of her auto immune hepatitis.

22.   That on and prior to August 24, 2005, the drug manufacturer, SANOFI-AVENTIS, knew the drug Ketek caused adverse reactions including hepatitis, jaundice, chronic pain, as well as carpal tunnel syndrome, and is only to be used in mild to moderate cases of community-acquired pneumonia.

23.   That on and prior to August 24, 2005, the drug manufacturer, SANOFI-AVENTIS, was aware patients were prescribed and took Ketek were experiencing adverse reactions including hepatitis, jaundice, chronic pain, as well as carpal tunnel syndrome, and should not be used for sinusitis.

24.   There prior to August 24, 2005, there was no warning in the Physicians' Desk Reference on the package insert for the drug commonly referred to as Ketek regarding adverse reactions including hepatitis, jaundice, chronic pain, as well as carpal tunnel syndrome, and should not be used for sinusitis.

25.   That prior to August 24, 2005, there were no warnings to physicians, and consumers including the plaintiff from SANOFI-AVENTIS about Ketek causing adverse reactions including hepatitis, jaundice, chronic pain, as well as carpal tunnel syndrome, and should not be used for sinusitis.

26.   That on or about August 24, 2005, the package insert regarding the drug Ketek and the drug Ketek received by the pharmacist at WALGREENS and the Plaintiff, was in the same condition as when it left the manufacturer's, WALGREENS, control.

27.   That on or about August 24, 2005, the package insert regarding the drug Ketek and the drug Ketek given to MAUREEN TOOMEY by the pharmacist at WALGREENS did not

include any warnings about Ketek causing adverse reactions including hepatitis, jaundice, chronic

pain, as well as carpal tunnel syndrome, and should not be used for sinusitis.

28.     That on and prior to August 24, 2005, the manufacturer and distributor of

prescription drugs had a duty to warn consumers such as MAUREEN TOOMEY of the dangers and

adverse reactions of those drugs as well as indications for use.

29.     That the drug Ketek was unreasonably dangerous in one or more of the following

respects:

a)     Did not warn about the side effects of Ketek including jaundice and chronic

pain; or

b)     Did not warn against the adverse reaction of hepatitis and carpal tunnel

syndrome; or

c)     Did not include that Ketek is only to be used in mild to moderately severe

cases of community-acquired pneumonia; or

d)     Was otherwise unreasonably dangerous.

30.     That as a proximate result of one or more of the foregoing unreasonably

dangerous conditions MAUREEN TOOMEY was injured, has experienced pain and suffering; has

been disabled and disfigured; has incurred expenses for medical, prescription, therapy, and other

similar expenses; and has lost wages.

WHEREFORE, Plaintiff, MAUREEN TOOMEY, by and through her attorneys. POWER,

ROGERS & SMITH, P.C., demands Judgment against Defendants, SANOFI-AVENTIS U.S. INC.

F/K/A AVENTIS PHARMACEUTICALS INC., F/K/A SANOFI-AVENTIS MARION ROUSSEL, INC.;

WALGREEN CO.; and BOND DRUG COMPANY OF ILLINOIS D/B/A/ WALGREEN CO., a

corporation, in a sum of money in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

POWER, ROGER & SMITH, P.C.

By:_____

Joseph A. Power, Jr.

POWER, ROGERS & SMITH, P.C.
Attorneys for Plaintiff
70 West Madison Street, 55th Floor
Chicago, IL 60602
312/236-9381
Atty. Reg. 31444

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

| | |
|---|---|
| MAUREEN TOOMEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    No. |
| | ) |
| SANOFI-AVENTIS U.S. INC. | ) |
| F/K/A AVENTIS PHARMACEUTICALS | ) |
| INC., F/K/A | ) |
| HOECHST MARION ROUSSEL, INC.; | ) |
| WALGREEN CO.; and | ) |
| BOND DRUG COMPANY OF | ) |
| ILLINOIS D/B/A WALGREEN CO., | ) |
| a corporation, | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT

I, JOSEPH A. POWER, JR., upon oath, deposes and states the following:

1.    That I am one of the attorneys for the plaintiff, MAUREEN TOOMEY, in the above-entitled

cause of action.

2.    That upon information and belief, the money damages in this cause of action will exceed

$50,000.00.

POWER ROGERS & SMITH, P.C.

By_____

Joseph A. Power, Jr.

SUBSCRIBED AND SWORN TO
before me this ___ day
of _____, 2007.

_____
Notary Public
POWER ROGERS & SMITH, P.C.
70 W. Madison St., 55th Fl.
Chicago, IL 60602
312/236-9381
FAX: 312/236-0920

OFFICIAL SEAL
CAROLYN J BARTOLOTTA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:01/06/10

Firm No. 06347                3059-07054                JAC/MCH/AED

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

MAUREEN TOOMEY,                          )
                                         )
        Plaintiff,                       )
                                         )
vs.                                      )    No. 07 L 008736
                                         )
SANOFI-AVENTIS U.S. INC,                 )
F/K/A AVENTIS PHARMACEUTICALS, INC.,     )
F/K/A HOECHST MARION ROUSSEL, INC.;      )
WALGREEN CO.; and BOND DRUG              )
COMPANY OF ILLINOIS D/B/A WALGREEN       )
CO., a corporation                       )
                                         )
        Defendants.                      )

**FILED-2**
2007 SEP 26 PM 2:46
DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION

### APPEARANCE AND JURY DEMAND

The undersigned, as attorney, enters the appearance of the defendant, BOND DRUG

COMPANY OF ILLINOIS, L.L.C. D/B/A WALGREENS, incorrectly sued as WALGREEN

CO. and BOND DRUG COMPANY OF ILLINOIS D/B/A WALGREEN CO., and WALGREEN

CO.

Defendant demands trial by jury.

_____
One of the attorneys for defendant, Bond Drug Company
of Illinois, LLC, d/b/a Walgreens, incorrectly sued as
Walgreen Co. and Bond Drug Company of Illinois d/b/a
Walgreen Co., and Walgreen Co.

John A. Childers, Esq.
Michael C. Holy, Esq.
Anthony E. Derwinski, Esq.
JOHNSON & BELL, LTD.
33 West Monroe St., Suite 2700
Chicago, Illinois 60603
(312) 372-0770

I certify that a copy of the within instrument was served on all parties who have appeared
and have not heretofore been found by the Court to be in default for failure to plead.

_____
Attorney for Defendant

*Exhibit C*

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Firm No. 06347                3059-07077                JAC/MCH/AED
IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION



MAUREEN TOOMEY,                    )
                                  )
        Plaintiff,                )
                                  )
vs.                               )        No. 07 L 008730
                                  )
SANOFI-AVENTIS U.S. INC.,         )
F/K/A AVENTIS PHARMACEUTICALS, INC., )
F/K/A HOECHST MARION ROUSSEL, INC.; )
WALGREEN CO.; and BOND DRUG       )
COMPANY OF ILLINOIS D/B/A WALGREEN )
CO., a corporation               )
                                  )
        Defendants.               )

### BOND DRUG AND WALGREEN CO.'S COMBINED MOTION TO DISMISS

NOW COME the Defendants, BOND DRUG COMPANY OF ILLINOIS, L.L.C.

d/b/a WALGREENS, incorrectly sued as WALGREEN CO. and BOND DRUG

COMPANY OF ILLINOIS d/b/a WALGREEN CO. (hereinafter "Bond Drug"), and

WALGREEN CO., by and through their attorneys, JOHNSON & BELL, LTD., and for

their motion to dismiss Plaintiff's Complaint at Law pursuant to 735 ILCS 5/2-615, 735

ILCS 5/2-619, 735 ILCS 5/2-619.1, 735 ILCS 5/2-622, and 735 ILCS 5/2-621, states as

follows:

### FACTUAL BACKGROUND

On August 17, 2007, Plaintiff filed a Complaint at Law alleging in a single count

that a prescription medication called Ketek which was manufactured by co-defendant

Sanofi-Aventis entities was defective because there were no warnings that Keteck

allegedly caused jaundice, chronic pain, hepatitis, carpal tunnel syndrome, and should not

be used for sinusitis. *See* Complaint at Law attached hereto as Exhibit A at para. 25-27, 29. Plaintiff further alleges that drug manufacturer co-defendant Sanofi-Aventis "knew the drug Ketek caused adverse reactions including hepatitis, jaundice, chronic pain, as well as carpal tunnel syndrome, and is only to be used in mild to moderate cases of community-acquired pneumonia". *Id.* at para. 22. Plaintiff, however, fails to allege anywhere in the complaint that these Defendants, Walgreen Co. and Bond Drug knew of the above allegations. In fact, Plaintiff candidly admits in her Complaint that prior to the relevant time alleged [August 24, 2005], there was "no warning in the Physicians' Desk Reference on the package insert for the drug commonly referred to as Ketek regarding adverse reactions including hepatitis, jaundice, chronic pain, as well as carpal tunnel syndrome, and should not be used for sinusitis". *Id.* at para. 24. Plaintiff further admits that prior to the relevant time alleged "there were no warnings to physicians and consumers including the plaintiff from SANOFI-AVENTIS about Keteck causing adverse reactions including hepatitis, jaundice, chronic pain, as well as carpal tunnel syndrome, and should not be used for sinusitis". *Id.* at para. 25.

Based on the allegations in the Complaint, there is an utter failure to connect any action or inaction on the part of these pharmacy defendants to any alleged breach of duty, causation and damages. Significantly, Plaintiff does not allege that these pharmacy Defendants mis-filled the subject 400 mg Ketek medication prescribed by Dr. Kimberly Ricuarte such as providing the wrong medicine, or the wrong dosage, or the wrong instructions. *See* Ex. A at para. 3-5

Here, the subject prescription medication was manufactured by the ANOFI-AVENTIS entities, named defendants in this lawsuit. *See* Affidavit of William Groth

2

attached hereto as Exhibit "B". Walgreen Co. and Bond Drug exercised no control over the design and manufacture of the subject Ketek prescription drug, nor did these defendants provide instructions or warnings to the manufacturer of said drug. *See* Ex. B. At no time did these pharmacy defendants possess any knowledge or information regarding any defect in the subject Ketek prescription drug which might or could cause injury or damage to Plaintiff. *Id.* These Defendants made no changes to the Ketek prescription drug which might or could have caused injury or damage to Plaintiff. *Id.* These pharmacy defendants are further not aware of any facts or circumstances upon which a verdict might be reached against them, other than with regarding to their status as a seller in the stream of commerce. *Id.* Simply put, these pharmacy Defendants were simply a seller in the stream of commerce with respect to the subject medication sold to Plaintiff. *Id.*

## SUMMARY OF ARGUMENT

Plaintiff's single Count Complaint against these pharmacy Defendants should be dismissed in accordance with the Illinois distributor statute pursuant to 735 ILCS 5/2-621.

Further, Plaintiff's single Count Complaint is based upon pharmacy malpractice which is a "healing art" under 735 ILCS 5/2-622. Plaintiff has failed to comply with section 2-622 of the Illinois Code of Civil Procedure in that the Complaint fails to attach a suitable health professional report to the Complaint, along with an attorney's affidavit pursuant to 735 ILCS 5/2-622(a)(1). As such, Plaintiff's Complaint at Law must be dismissed pursuant to 735 ILCS 5/2-619 and 735 ILCS 5/2-622(g).

3

Finally, Plaintiff's Complaint at Law should be dismissed pursuant to 735 ILCS 5/2-615 of the Illinois Code of Civil procedure as it fails to contain necessary factual allegations to maintain a professional "healing art" cause of action against these pharmacy defendants. Here, Plaintiff fails to identify the precise warnings this Defendant "voluntarily undertook" to give the decedent and further fails to identify the precise warnings that should have been given by these pharmacy defendants on April 24, 2005 that would be necessary under the pharmacy practice standard of care. This is particularly true where Plaintiff's own allegations admit that the drug manufacture SANOFI-AVENTIS knew of certain adverse reactions and restrictions on the use of the drug, but did not communicate those restrictions to the general public or even to physicians in the Physicians Desk Reference or package insert. *See* Ex. A at para. 22-26.

It is well settled in Illinois that the extent of a pharmacist's duty to warn is limited to the extent of the undertaking. Frye v. Medicare-Glaser Corp., 153 Ill.2d 26, 605 N.E.2d 557 (1992). In Frye, the Illinois Supreme Court held that "[i]n our opinion, consumers should principally look to their prescribing physician to convey the appropriate warnings regarding drugs, and it is the prescribing physician's duty to convey these warnings to patients". Frye, 153 Ill.2d at 34, 605 N.E.2d at 561. Here, Plaintiff fails to allege sufficient facts to establish what this Defendant's supposed undertaking was with respect to the prescription drug Ketek, and specifically how the alleged unspecified warnings were inaccurate given the lack of information available to pharmacists on or before August 24, 2005. Without specific factual allegations giving rise to a cognizable cause of action, this defendant cannot defend the lawsuit.

## ARGUMENT

**I.    PLAINTIFF'S SINGLE COUNT COMPLAINT SHOULD BE DISMISSED PURSUANT TO 735 ILCS 5/2-621.**

Plaintiff's single count complaint against these pharmacy defendants are based on a tort theory of liability. Section 735 ILCS 5/2-621 of the Illinois Code of Civil Procedure provides, in relevant part, the following:

> In any product liability action based on any theory or doctrine commenced or maintained against a defendant or defendants other than the manufacturer, that party shall upon answering or otherwise pleading, file an affidavit certifying the correct identity of the manufacturer of the product allegedly causing injury, death or damage . . . This section applies to all causes of action occurring on or after September 24, 1979.

In this case, plaintiff is aware of the manufacturer of the drug at issue, SANOFI-AVENTIS since said manufacturer is already named a defendant in this lawsuit. Further William Groth, a Divisional Merchandise Manager for Pharmaceutical buying for Walgreen Co. confirms the above manufacturer. *See* Affidavit of Groth as Ex. B. Accordingly, these pharmacy Defendants are entitled to dismissal of the plaintiff's single Count Complaint at Law in accordance with 735 ILCS 5/2-621 of the Illinois Code of Civil Procedure.

Plaintiff does not assert any of the exceptions to the statute which are found within section 2-621(c) against these pharmacy defendants. *See* Ex. B. The statute provides only three exceptions, which, if applicable, prevent the dismissal of a distributor who certifies the identity of the manufacturer of a product. Section 735 ILCS 5/2-621(c) provides: a Court shall not enter a dismissal order relative to any certifying defendant or defendants other than the manufacturer even though full compliance with subsection (a) of this section has been made where the Plaintiff can show one or more of the following:

a.     That the Defendant has exercised some significant control of the design or manufacture of the product or has provided instructions or warnings to the manufacturer relative to the alleged defect in the product with which caused the injury, death or damage; or

b.     That the Defendant had actual knowledge of the defect in the product which caused the injury, death or damage; or

c.     That the Defendant created the defect in the product which caused the injury, death or damage.

Here, these pharmacy Defendants exercised no control over the design and manufacture of the subject Ketek prescription medication, nor did these pharmacy Defendants provide instructions or warnings to the manufacturer of said drug. *See* Ex. B. At no time did these pharmacy defendants possess any knowledge or information regarding any defect in the subject Ketek prescription medication which might or could cause injury or damage to Plaintiff. *Id.* These pharmacy defendants acted simply as a seller in the stream of commerce with respect to the subject medication sold for Plaintiff. *Id.* Further, the alleged defect was not created by this defendant, and this Defendant had no knowledge, actual or otherwise, of an alleged defect that had the potential to cause injury or death to Plaintiff. *See* Ex. B.

Plaintiff has not even allege actual knowledge on the part of these pharmacy defendants of the alleged defect in the warnings or restrictions of use in the subject Ketek prescription drug, probably due to the fact that such information was not communicated to physicians, the public or anyone else via the package insert or PDR as of the August 24, 2005 according to Plaintiff's own Complaint. *See* Ex. A, at para. 22-26, 29. A cause of action will be dismissed if it contains mere conclusions unsupported by facts. Harris v. Johnson, 218 Ill.App.3d 588, 578 N.E.2d 1326 (2d Dist. 1991).

6

In this case, the claim against these pharmacy defendants boils down to professional healing art-care services provided by the dispensing pharmacist. It is well settled that claims for strict liability must involve a claim premised upon an unreasonably dangerous product, rather than a claim premised on negligent services of a healing art professional, before liability may be imposed. Dubin v. Michael Reese Hospital & Medical Center, 83 Ill.2d 277, 415 N.E.2d 350 (1980). In Kirk, the Illinois Supreme Court referenced Dubin in stating with approval in holding that "a hospital cannot be held strictly liable for its employees' decision to administer x-ray treatments for tonsillitis because such an allegation is directed at the conduct of the health care professional rather than the nature of the particular product." Kirk v. Michael Reese Hospital and Medical Center, 117 Ill.2d 507, 522, 513 N.E.2d 387, 394 (1987). Similar to Kirk and Dubin, Plaintiff seeks to improperly hold these pharmacy Defendants strictly liability for the conduct of its pharmacist. Here, Plaintiff alleges that these pharmacy defendants should have affirmatively provided different warnings and restrictions of use of the drug than that provided by the manufacturer. In essence, Plaintiff seeks to impose strict liability on these pharmacy Defendants for the actions of its pharmacist in purportedly failing to give additional or different warnings than that given by the prescribing non-defendant physician, or the defendant drug manufacturer.

Illinois courts have addressed the issue of strict liability claims relating to pharmacists. See Leesley v. West, 165 Ill.App.3d 135, 518 N.E.2d 758 (2d Dist. 1988). The plaintiff in Leesley brought an action against a physician, pharmacy and drug manufacturer for damages resulting from severe gastrointestinal bleeding caused by a prescription drug. The Leesley court first addressed the question of strict liability of the

pharmacist and held that the pharmacist could not be found liable under a strict liability theory. Id. In limiting the liability of pharmacy retailers, Courts have held that pharmacy retailers should be permitted to rely on the special expertise of drug manufacturers, prescribing physicians and regulatory agencies. See Leesley v. West, 165 Ill.App.3d 135, 518 N.E.2d 758 (2d Dist. 1988).

Since none of the statutory exceptions provided in the distributor's statute have been shown to apply in this case, Plaintiff's single Count Complaint against Bond Drug and Walgreen Co. should be dismissed with prejudice as a matter of law pursuant to 735 ILCS 5/2-619 and 735 ILCS 5/2-621.

II.  **PLAINTIFF'S SINGLE COUNT COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE AS IT FAILS TO COMPLY WITH 735 ILCS 5/2-622.**

Illinois courts have addressed section 2-622 of the Illinois Code of Civil Procedure by explaining what "healing art malpractice" means. The term "healing art malpractice" is broad in its scope and should not be limited in its application to health care professionals. Lyon v. Hasbro Industries, 156 Ill.App.3d 649, 509 N.E.2d 702, 706 (4th Dist. 1987). In Lyon, the plaintiff sued an ambulance transport company for its failure to adequately equip its vehicles to handle foreseeable emergencies. The court carefully examined the meaning of "healing art malpractice" in both the scope of the phrase and its statutory meaning. In examining the allegation that the ambulance company failed to properly equip its vehicles, the Lyon Court found that "the term 'healing art malpractice' is broad in scope," and can include negligence by a licensed health-care practitioner dealing with the "**restoration of physical and mental health.**" See Lyon, 156 Ill.App.3d at 653-54 (emphasis added). In fact, the Court held that "the phrase

8

may be interpreted broad enough to cover negligence in interrelated health-care services."

Lyon, 156 Ill.App.3d at 654.

Specifically, in Lyon, the Court held as follows:

> "...the term "healing art malpractice" is broad... The Bernier court stated that
> the statutory language may include health professionals other than medical
> doctors. However, it did not limit the application of the healing art provisions to
> health professionals. The statute specifically includes hospitals in the coverage of
> its provisions. A hospital is not a health-care professional, although it provides
> related health-care services. It is also licensed and regulated by the State.
> Therefore, under principles of statutory construction, 'healing art' could include
> negligence by a licensed health-care service and need not be limited to a
> licensed professional practitioner...Malpractice implies the lack of skill in
> practicing the art or profession. Thus, the phrase may be interpreted as
> broad enough to cover negligence in the interrelated health-care services."
> Lyon, 156 Ill.App.3d 649, 654, 509 N.E.2d 702 (4th Dist. 1987); and cited Bernier
> v. Burris, 113 Ill.2d 219, 497 N.E.2d 763 (1986). (emphasis added).

In a recent case, the First District Appellate Court continues to affirm the notion

of broad application to the term "healing art malpractice" since the Court applied the term

"healing art malpractice" and section 2-622 to licensed occupational therapists. Jackson

v. Chicago Classic Janitorial and Cleaning Service, Inc., 355 Ill.App.3d 906, 823 N.E. 2d

1055(1st Dist. 2005) (application of section 2-622 to occupational/physical therapists

even though that category of healing art practitioner is not specifically referenced in the

statute).

Moreover, the Northern District of Illinois recently affirmed, under Illinois law,

that a pharmacy "may avail itself of the protection of the HAMA (Healing Arts

Malpractice Act). Plaintiffs' negligence claim at least, is subject to the limitations of

section 2-1115". Happel v. Wal-Mart Stores, Inc., 286 F.Supp.2d 943 (N.D.Ill. 2003).

The language contained in section 2-1115 and section 2-622 of the Illinois Code of Civil

Procedure are identical in that the statutory sections apply to all actions, whether tort,

9

contract, or otherwise, in which Plaintiff seeks damages for injury or death by reason of "medical, hospital or other healing art malpractice". *See* 735 ILCS 5/2-622 *compare with* 735 ILCS 5/2-1115. In reaching its holding, the Happel Court relied upon Lyon v. Hasbro Industries, Inc., 156 Ill.App.3d 649, 654, 509 N.E.2d 702, 706 (4th Dist. 1987).

In Illinois, pharmacy licensing is governed by state statute, like all other healing-arts practitioners. *See* 225 ILCS 85/1, *et seq.*; Sec also 225 ILCS 85/5.5. Walgreen Co. pharmacists, like all Illinois pharmacists, must go through accredited scientific training, and then must pass a rigorous examination battery to be licensed through the state board. See 225 ILCS 85/6 (licensing requirements set out by statute, including completion of an accredited degree program, passing a Board licensing examination). More than that, however, the services rendered by registered pharmacists are based upon a professional standard of care, and are premised upon services to restore the mental and physical health of patients. *See* 225 ILCS 85/1. *See also* Eldridge v. Eli Lilly & Co., et al., 138 Ill.App.3d 124, 485 N.E.2d 551 (4th Dist. 1985).

Here, Plaintiff is not claiming that the patient received from these pharmacy defendants the wrong drug or different instructions than those given by the prescribing physician. Rather, Plaintiff is alleging that this pharmacy defendant had an affirmative duty to warn or prevent distribution of an allegedly defective prescription medication manufactured by Defendant SANOFI-AVENTIS. Here, Plaintiff alleges that these pharmacy defendants should have affirmatively provided different or additional warnings and restrictions of use of the drug than that given by the non-defendant prescribing physician or the defendant drug manufacturer. As such, Plaintiff's allegations against Walgreen Co. necessarily fall within the ambit of 735 ILCS 5/2-622, and in light of

10

Plaintiff's failure to comply, this Defendant respectfully requests that Plaintiff's single

Count Complaint against Bond Drug and Walgreen Co. be dismissed with prejudice

pursuant to 735 ILCS 5-622(g) and 735 ILCS 5/2-619. *See* Cothren v. Thompson, M.D.,

356 Ill.App.3d 279, 826 N.E.2d 534 (4th Dist. 2005); Calamari v. Drammis, 286

Ill.App.3d 420, 676 N.E.2d 281 (1st Dist. 1997).

### III. PLAINTIFF'S SINGLE COUNT COMPLAINT SHOULD BE DISMISSED PURSUANT TO 735 ILCS 5/2-615 OF THE ILLINOIS CODE OF CIVIL PROCEDURE AS IT FAILS TO CONTAIN NECESSARY ALLEGATIONS TO MAINTAIN A COGNIZABLE CAUSE OF ACTION AGAINST THESE PHARMACY DEFENDANTS.

It is well settled in Illinois that a section 2-615 motion to dismiss addresses

defects on the face of the pleading, admitting all well-pleaded facts and attacking facially

the complaint's legal sufficiency, Aguilar v. Safeway Ins. Co., 221 Ill.App.3d 1095, 582

N.E.2d 1362 (1st Dist. 1991). While the pleadings should be liberally construed, liberal

construction cannot supply fatal deficiencies, such as necessary factual allegations. Kirby

v. Chicago City Bank and Trust Co., 82 Ill.App.3d 1113, 403 N.E.2d 720 (1980).

Plaintiff must establish that there is a **reasonable certainty** that the defendant's

negligent acts caused the injury. Schultz v. Hennessy Industries, Inc., 222 Ill.App.3d

532, 584 N.E.2d 235 (1st Dist.1991) (emphasis added). Liability cannot be premised on

speculation, guess or conjecture as to the cause of the injury. Potter v. Edgar, 34

Ill.App.3d 33, 339 N.E.2d 321 (1975).

Here, Plaintiff fails to assert necessary factual allegations to maintain a

professional "healing art malpractice" cognizable cause of action against these pharmacy

Defendants. Here, Plaintiff fails to identify the precise warnings that should have been

given by these pharmacy defendants to the plaintiff that would be necessary under the pharmacy practice standard of care, that was available to and known by these pharmacy defendant on or before August 24, 2005, that caused or contributed to the Plaintiff's injury or damage.    Plaintiff's own allegations admit that the drug manufacture SANOFI-AVENTIS knew of certain adverse reactions and restrictions on the use of the drug, but did not communicate those restrictions to the general public or even to physicians in the Physicians Desk Reference or package insert. *See* Ex. A at para. 22-26. Plaintiff has not, and most assuredly is unlikely to, allege that pharmacists somehow had knowledge that was not communicated to the general public or physicians by the drug manufacturer. Without specifying what information and warnings these pharmacy defendants "voluntarily undertook" to provide to Plaintiff, Plaintiff summarily jumps to the conclusion that these pharmacy defendants failed to properly warn Plaintiff on August 24, 2005 of an unspecified warning about the side effects of Ketek, including jaundice, chronic pain, hepatitis, carpal tunnel syndrome and that the drug is only to be used for mild to moderately severe cases of community-acquired pneumonia. See Ex. A at para 28-30.

In Frye, a pharmacist affixed to a prescription vial a label warning that the medicine might cause drowsiness. Frye v. Medicare-Glaser Corp., 153 Ill.2d 26, 29, 605 N.E.2d 557, 558 (1992). The plaintiff sued the pharmacist and pharmacy under a voluntary undertaking theory, arguing that once the pharmacist undertook to warn of dangerous side effects, he undertook to warn of all potential dangers involved in taking the drug. Frye, 153 Ill.2d at 28, 605 N.E.2d at 558. The Illinois Supreme Court rejected plaintiff's argument and found that the defendants' liability depended upon the extent of

12

the undertaking. *Frye*, 153 Ill.2d at 34-35; 605 N.E.2d at 561. The *Frye* Court further rejected the argument that the warning provided would mislead a patient and specifically noted that *"[i]n our opinion, consumers should principally look to their prescribing physician to convey the appropriate warnings regarding drugs, and it is the prescribing physician's duty to convey these warnings to patients"*. *Frye*, 153 Ill.2d at 34, 605 N.E.2d at 561 (emphasis added).

In *Kasin*, the appellate court addressed a patient information sheet provided by Osco to a patient involving the drug Daypro and held that the limited warnings did not invoke a greater duty to warn. The *Kasin* plaintiff did not assert that the warnings provided were inaccurate; rather, the Plaintiff argued that Osco failed to warn of other side effects, such as possible renal failure or injury to kidneys. *Kasin*, 312 Ill.App.3d at 824, 728 N.E.2d at 77-78. Like the warning in *Frye*, the Court in *Kasin* concluded that the written warnings constituted the extent of the pharmacist's undertaking to warn the Plaintiff, and that the warnings need only be accurate. *Kasin*, 312 Ill.App.3d at 829, 728 N.E.2d at 81.

In this case, Plaintiff fails to allege sufficient facts to establish what these pharmacy Defendant's supposed "voluntary undertaking" was with respect to warnings relative to the Ketek prescription drug, and specifically how the unspecified warnings were inaccurate given the utter lack of information available to pharmacists, physicians and the general public on and before August 24, 2005. *See* Ex. A, including para. 22-26.

Here, plaintiff's allegations are insufficient as a matter of law. Without specific factual allegations giving rise to a cognizable cause of action, these defendants cannot defend the lawsuit. Accordingly, Plaintiff's single Count Complaint against Bond

13

Drug and Walgreen Co. must be dismissed with prejudice pursuant to 735 ILCS 5/2-615 of the Illinois Code of Civil Procedure.

WHEREFORE, Defendants, Bond Drug Company of Illinois, LLC, d/b/a Walgreens, incorrectly sued as Walgreen Co. and Bond Drug Company of Illinois d/b/a Walgreen Co., and Walgreen Co., respectfully requests that Plaintiff's Complaint be dismissed in accordance with the motion set forth herein, and for any further relief this Court deems fair and just.

Respectfully submitted,

JOHNSON & BELL, LTD.

One of the attorneys for defendant, Bond Drug Company of Illinois, LLC, d/b/a Walgreens, incorrectly sued as Walgreen Co. and Bond Drug Company of Illinois d/b/a Walgreen Co., and Walgreen Co.

John A. Childers, Esq.
Michael C. Holy, Esq.
Anthony E. Derwinski, Esq.
JOHNSON & BELL, LTD.
33 West Monroe St., Suite 2700
Chicago, Illinois 60603
(312) 372-0770
Firm I.D. No. 06347

14

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

MAUREEN TOOMEY,                    )
                                   )
            Plaintiff,             )
                                   )
      vs.                          )      No.
                                   )
SANOFI-AVENTIS U.S. INC.           )
F/K/A AVENTIS PHARMACEUTICALS      )
INC., F/K/A                        )
HOECHST MARION ROUSSEL, INC.;      )
WALGREEN CO.; and                  )
BOND DRUG COMPANY OF               )
ILLINOIS D/B/A WALGREEN CO.,       )
a corporation,                     )
                                   )
            Defendants.            )

## COMPLAINT AT LAW

NOW COMES Plaintiff, MAUREEN TOOMEY, by and through her attorneys POWER,

ROGERS & SMITH, P.C., and hereby complaining of Defendants, SANOFI-AVENTIS U.S. INC.

F/K/A AVENTIS PHARMACEUTICALS INC., F/K/A HOECHST MARION ROUSSEL, INC.

(hereinafter referred to as "SANOFI-AVENTIS"); and WALGREEN CO. and BOND DRUG

COMPANY OF ILLINOIS D/B/A WALGREEN CO. (hereinafter referred to as "WALGREENS"),

pleading hypothetically and in the alternative, states:

    1. That prior to August 24, 2005, SANOFI-AVENTIS was a manufacturer of many

prescription drugs including, but not limited to, the drug commonly referred to as Ketek.

    2. That prior to August 24, 2005, WALGREENS was a distributor of many prescription drugs

including, but not limited to, the drug commonly referred to as Ketek.

Exhibit A



3. That on or about August 24, 2005, KIMBERLY RICUARTE was a licensed physician in the State of Illinois and all of its branches.

4. That on or about August 24, 2005, KIMBERLY RICUARTE, prescribed a drug for MAUREEN TOOMEY commonly referred to as Ketek, 400 mg. for sinusitis.

5. That on or about August 24, 2005, MAUREEN TOOMEY filled a prescription for Ketek, 400mgs. at WALGREENS, 2100 Green Bay Road, Evanston, Illinois, 60201.

6. That on or about August 24, 2005, MAUREEN TOOMEY consumed the prescription drug commonly referred to as Ketek, 400mg. until about mid-September, 2005.

7. That on or about September 11, 2005, MAUREEN TOOMEY's urine became dark, and she began to have other symptoms including nausea.

8. That on or about September 11, 2005, MAUREEN TOOMEY was treated by Emily Gottlieb, M.D., who performed a urinalysis.

9. That on or after September 11, 2005, results from the urinalysis of MAUREEN TOOMEY, found bile in her urine and stones in her gallbladder.

10. That on or about September 16, 2005, MAUREEN TOOMEY was admitted to Evanston Hospital.

11. That on or about September 16, 2005, Evanston Hospital, through an agent or employee, performed an ERCP which revealed MAUREEN TOOMEY had pancreatitis and an unknown caused hepatitis.

12. That on or about October 21, 2005, MAUREEN TOOMEY was re-admitted to Evanston Hospital.

Page 2

13.     That on or about October 21, 2005, a CT scan of MAUREEN TOOMEY

determined she had an extremely enlarged gallbladder from the hepatitis.

14.     That on or about October 21, 2005 continuing through December 12, 2005,

MAUREEN TOOMEY was treated with Augmentin.

15.     That on or about December 12, 2005, MAUREEN TOOMEY was admitted to

Evanston Hospital for laparoscopic Surgery.

16.     That in late February, 2006, MAUREEN TOOMEY started to experience

arthralgia, and consulted with Emily Gottlieb, M.D., and a neurologist at Evanston Hospital, and it

was determined she had carpal tunnel syndrome.

17.     That on or about May 9, 2006, MAUREEN TOOMEY was treated by Richard M.

Green, M.D., of Northwestern Memorial Hospital, and he diagnosed MAUREEN TOOMEY with auto

immune Hepatitis.

18.     That on or about May 12, 2006, MAUREEN TOOMEY checked into the Mayo

Clinic of Rochester, Minnesota, where they prescribed her with 40 mg. of Prednisone.

19.     That in August, 2006, MAUREEN TOOMEY was treated by Cheryl Wilkes, M.D.,

who told her she could not to return to work due to the stress.

20.     That in November, 2006, MAUREEN TOOMEY was treated by Mark Molich,

M.D., and he told her all of her medical problems had returned.

21.     That on or about January 12, 2007, MAUREEN TOOMEY was treated by Christy

Park, M.D., who diagnosed her with inflammatory poly arthritis, which was a complication of her

auto immune hepatitis.

Page 3

22.    That on and prior to August 24, 2005, the drug manufacturer, SANOFI-AVENTIS, knew the drug Ketek caused adverse reactions including hepatitis, jaundice, chronic pain, as well as carpal tunnel syndrome, and is only to be used in mild to moderate cases of community-acquired pneumonia.

23.    That on and prior to August 24, 2005, the drug manufacturer, SANOFI-AVENTIS, was aware patients were prescribed and took Ketek were experiencing adverse reactions including hepatitis, jaundice, chronic pain, as well as carpal tunnel syndrome, and should not be used for sinusitis.

24.    There prior to August 24, 2005, there was no warning in the Physicians' Desk Reference on the package insert for the drug commonly referred to as Ketek regarding adverse reactions including hepatitis, jaundice, chronic pain, as well as carpal tunnel syndrome, and should not be used for sinusitis.

25.    That prior to August 24, 2005, there were no warnings to physicians, and consumers including the plaintiff from SANOFI-AVENTIS about Ketek causing adverse reactions including hepatitis, jaundice, chronic pain, as well as carpal tunnel syndrome, and should not be used for sinusitis.

26.    That on or about August 24, 2005, the package insert regarding the drug Ketek and the drug Ketek received by the pharmacist at WALGREENS and the Plaintiff, was in the same condition as when it left the manufacturer's, WALGREENS, control.

27.    That on or about August 24, 2005, the package insert regarding the drug Ketek and the drug Ketek given to MAUREEN TOOMEY by the pharmacist at WALGREENS did not

Page 4

include any warnings about Ketek causing adverse reactions including hepatitis, jaundice, chronic pain, as well as carpal tunnel syndrome, and should not be used for sinusitis.

28.    That on and prior to August 24, 2005, the manufacturer and distributor of prescription drugs had a duty to warn consumers such as MAUREEN TOOMEY of the dangers and adverse reactions of those drugs as well as indications for use.

29.    That the drug Ketek was unreasonably dangerous in one or more of the following respects:

    a)    Did not warn about the side effects of Ketek including jaundice and chronic pain; or

    b)    Did not warn against the adverse reaction of hepatitis and carpal tunnel syndrome; or

    c)    Did not include that Ketek is only to be used in mild to moderately severe cases of community-acquired pneumonia; or

    d)    Was otherwise unreasonably dangerous.

30.    That as a proximate result of one or more of the foregoing unreasonably dangerous conditions MAUREEN TOOMEY was injured, has experienced pain and suffering; has been disabled and disfigured; has incurred expenses for medical, prescription, therapy, and other similar expenses; and has lost wages.

WHEREFORE, Plaintiff, MAUREEN TOOMEY, by and through her attorneys. POWER, ROGERS & SMITH, P.C., demands Judgment against Defendants, SANOFI-AVENTIS U.S. INC., F/K/A AVENTIS PHARMACEUTICALS INC., F/K/A SANOFI-AVENTIS MARION ROUSSEL, INC.;

WALGREEN CO.; and BOND DRUG COMPANY OF ILLINOIS D/B/A/ WALGREEN CO., a

corporation, in a sum of money in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

POWER, ROGER & SMITH, P.C.

By: _____

Joseph A. Power, Jr.


POWER, ROGERS & SMITH, P.C.
Attorneys for Plaintiff
70 West Madison Street, 55th Floor
Chicago, IL 60602
312/236-9381
Atty. Reg. 31444

Page 6

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

MAUREEN TOOMEY,                                )
                                               )
                    Plaintiff,                 )
                                               )
          vs.                                  )          No.
                                               )
SANOFI-AVENTIS U.S. INC.                       )
F/K/A AVENTIS PHARMACEUTICALS                  )
INC., F/K/A                                    )
HOECHST MARION ROUSSEL, INC.;                  )
WALGREEN CO.; and                              )
BOND DRUG COMPANY OF                           )
ILLINOIS D/B/A WALGREEN CO.,                   )
a corporation.                                 )
                                               )
                    Defendants.                )

## AFFIDAVIT

I, JOSEPH A. POWER, JR., upon oath, deposes and states the following:

1.      That I am one of the attorneys for the plaintiff, MAUREEN TOOMEY, in the above-entitled

cause of action.

2.      That upon information and belief, the money damages in this cause of action will exceed

$50,000.00.

POWER ROGERS & SMITH, P.C.

By_____

Joseph A. Power, Jr.

SUBSCRIBED AND SWORN TO
before me this ____ day
of _August_____, 2007.

_____
Notary Public
POWER ROGERS & SMITH, P.C.
70 W. Madison St., 55th Fl.
Chicago, IL 60602
312/236-9381
FAX: 312/236-0920

┌─────────────────────────────────┐
│         OFFICIAL SEAL           │
│       CAROLYN J BARTOLOTTA      │
│  NOTARY PUBLIC - STATE OF ILLINOIS │
│  MY COMMISSION EXPIRES 01/06/10 │
└─────────────────────────────────┘

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

MAUREEN TOOMEY,                          )
                                         )
            Plaintiff,                    )
                                         )
    v.                                    )       2007L008730
                                         )
SANOFI-AVENTIS U.S. INC. F/K/A AVENTIS   )
PHARMACEUTICALS INC., F/K/A              )
SANOFI-AVENTIS MARION ROUSSEL,           )
INC.; WALGREEN CO.; and BOND DRUG        )
COMPANY OF ILLINOIS D/B/A                )
WALGREEN CO., a corporation              )
                                         )
            Defendants.                   )

## AFFIDAVIT OF WILLIAM GROTH

William Groth, being sworn, states:

1.      My name is William Groth.

2.      I have served as Divisional Merchandise Manager for Pharmaceutical Buying for
Walgreen Co., an Illinois Corporation, during the period of 1999 to the present.

3.      In that capacity, I have personal knowledge of the statements contained in this
affidavit. I am fully familiar with all name brand products currently and in the past sold by
Walgreen Co.

4.      I am competent to make this Affidavit.

5.      I am over the age of twenty-one (21) years old.

6.      That Walgreen Co. is a Defendant in the above-captioned matter.

7.      The prescription drug Ketek® was manufactured by Co-Defendant, Sanofi-
Aventis U.S. Inc., to this action.

8.      Walgreen Co. exercised no control over the design and manufacture of Ketek®,
nor did Walgreen Co. provide instructions or warnings to the manufacturer of said drug.

Exhibit B

10.    At all times relevant to this litigation, Walgreen Co., possessed no knowledge or information regarding any defect in Ketek® which might or could have caused injury or damage to Plaintiff.

11.    Walgreen Co. made no changes in Ketek® which might or could have caused injury or damage to Plaintiff.

12.    Walgreen Co. is not aware of any facts or circumstances upon which a verdict might be reached against it, other than with regard to its status as a seller in the stream of commerce of Ketek®.

13.    Further Affiant Sayeth Not.

Under penalties as provided by law, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

_William E. Groth Sr._
William Groth

Subscribed and Sworn to before me this _18th_ day of _September_, 2007.

_Mayra Vazquez_
Notary Public

My Commission Expires:
_8-8-10_

OFFICIAL SEAL
MAYRA VAZQUEZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/08/10

2