IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MAUREEN TOOMEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 07 CV 7173 |
| | ) | |
| SANOFI-AVENTIS U.S. INC. | ) | Judge Blanche M. Manning |
| f/k/a AVENTIS PHARMACEUTICALS | ) | Magistrate Judge Martin C. Ashman |
| INC., f/k/a HOECHST MARION | ) | |
| ROUSSELL, INC.; WALGREEN CO.; | ) | |
| and BOND DRUG COMPANY OF | ) | |
| ILLINOIS d/b/a WALGREEN CO., | ) | |
| a corporation, | ) | |
| | ) | |
| Defendants. | ) | |

DEFENDANT SANOFI-AVENTIS U.S. INC.'S
BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

I. INTRODUCTION

This is a products liability and personal injury action arising out of Defendants' alleged failure to warn Plaintiff of potential adverse effects of the FDA-approved prescription pharmaceutical telithromycin, also known as Ketek®. Plaintiff seeks to have the case remanded to state court on the basis that there is not complete diversity of citizenship between the parties. Notably, however, Plaintiff fails to allege her own citizenship in either her Complaint or her Motion to Remand. Information recently learned by sanofi-aventis U.S. Inc. ("sanofi-aventis") suggests that Plaintiff is, in fact, a resident and citizen of Michigan. If this information is correct, then there is complete diversity of citizenship between the parties, this court has subject matter jurisdiction over this case, and Plaintiff's Motion to Remand must be denied.

Even if Plaintiff is a citizen of Illinois, however, this Court has diversity subject matter jurisdiction over this case. Complete diversity of citizenship exists between the non-fraudulently joined parties, namely Plaintiff and sanofi-aventis. Plaintiff cannot avoid federal jurisdiction by alleging claims for failure to warn against Walgreens, the pharmacy that filled her prescription for Ketek® and the sole non-diverse party joined in this action. The law in Illinois is well established that a pharmacist does not owe a consumer purchasing a prescription medication a duty to warn her of the medication's potential adverse effects. Hence, there is no possibility that Plaintiff can state a cause of action against Walgreens for failure to warn, and therefore Walgreens has been fraudulently joined. Moreover, despite Plaintiff's arguments to the contrary, the Illinois Distributor Statute is not the basis for any argument that Walgreens is fraudulently joined in this action. In fact, that statute is completely irrelevant to the removal of this case, and therefore the Court can ignore Plaintiff's arguments regarding the statute.

## II. BACKGROUND

A.   <u>The Defendants</u>

In her Complaint, Plaintiff names three defendants – Walgreen Co. and Bond Drug Company of Illinois d/b/a/ Walgreen Co. (collectively "Walgreens") and sanofi-aventis U.S. Inc. ("sanofi-aventis"). Plaintiff alleges that sanofi-aventis is the manufacturer of Ketek® and that Walgreens, a pharmacy, is a "distributor" of Ketek®.[1] (Complaint at Law ("Compl.") ¶¶ 1, 2.)

B.   <u>Plaintiff's Complaint</u>

---

[1] Specifically, Plaintiff named as a defendant "sanofi-aventis U.S. Inc., f/k/a Aventis-Pharmaceuticals Inc., f/k/a Hoechst Marion Roussel, Inc." As sanofi-aventis explained in its Answer, sanofi-aventis U.S. Inc. is not a proper party to this action and should be dismissed. (Answer p. 2.) Sanofi-aventis U.S. Inc. was not formerly known as "Aventis Pharmaceuticals Inc." or "Hoechst Marion Roussel, Inc." (Id.) Rather, Aventis Pharmaceuticals Inc. is a separate and distinct entity from sanofi-aventis U.S. Inc. (Id.) Hoechst Marion Roussell, Inc. transferred its business to Aventis Pharmaceuticals Inc. and no longer exists. (Id.) Whether Plaintiff has correctly named the manufacturer of the pharmaceutical drug at issue in this case, however, has no bearing on whether this action should be remanded to state court.

2

According to her Complaint, Plaintiff's physician prescribed Ketek® to her as treatment for sinusitis in August 2005. (Compl. ¶ 4.) Plaintiff alleges that she filled her prescription for Ketek® at a Walgreens drug store and then ingested the prescribed medication. (Compl. ¶¶ 5-6.) Plaintiff brings this lawsuit to recover for alleged injuries allegedly resulting from her consumption of Ketek®. (Compl. ¶¶ 7-21, 30.)

Plaintiff does not allege (1) that Walgreens manufactured, developed, tested or marketed Ketek®; (2) that Walgreens had any knowledge of possible adverse effects associated with Ketek® that were not included in the FDA-approved package insert that accompanies Ketek®; (3) that her prescription for Ketek® was negligently filled by Walgreens; or (4) that she had an allergy to Ketek® that was known to Walgreens. In fact, Plaintiff admits that the package insert that accompanied her prescription for Ketek® and the drug itself "was in the same condition as when it left the manufacturer's" control. (Compl. ¶ 26.) Nonetheless, Plaintiff alleges that Walgreens had a duty to warn her of alleged potential adverse effects of Ketek®. (Compl. ¶ 28.) Plaintiff further alleges that, as a result of Walgreen's failure to comply with this alleged duty, she has been injured. (Compl. ¶ 30.)

Plaintiff filed her Complaint in the Circuit Court of Cook County, Illinois. On December 21, 2007, sanofi-aventis timely removed the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). (Notice of Removal ¶ 7.) Sanofi-aventis alleged in its Notice of Removal that complete diversity of citizenship exists between the properly joined parties, that no properly joined defendant is a citizen or resident of Illinois, and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. (Id.) In particular, sanofi-aventis stated in its Notice of Removal that Walgreens, the sole non-diverse defendant in this action, was fraudulently joined and therefore Walgreens' citizenship may be

3

disregarded for purposes of determining whether complete diversity exists between the parties. (Id. at ¶¶ 14-18.) Sanofi-aventis explained in its removal papers that, as a pharmacy, Walgreens had, as a matter of law, no duty to warn Plaintiff of alleged possible adverse effects of Ketek® under the facts alleged in the Complaint. (Id.) Accordingly, Plaintiff cannot possibly state a cause of action against Walgreens and Walgreens must be found to have been fraudulently joined.

On January 25, 2008, more than 30 days after sanofi-aventis filed its Notice of Removal, Plaintiff moved to remand this case back to state court. In arguing that this Court does not have subject matter jurisdiction over this case, Plaintiff contends only that Walgreens is not a fraudulently joined party and therefore complete diversity does not exist between the parties.[2]

### III. ARGUMENT AND CITATION OF LAW

A.  Regardless of Whether Walgreens Was Fraudulently Joined, Complete Diversity Appears To Exist Between The Parties.

A plaintiff may move to remand a case on the basis of any defect other than the lack of subject matter jurisdiction within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c). Plaintiff concedes that her Motion to Remand was filed more than 30 days after sanofi-aventis filed its Notice of Removal. (See Memo. in Support of Mot. to Remand ¶¶ 7, 8.) Because Plaintiff's Motion to Remand was filed more than 30 days after the filing of the Notice of Removal, the court "is no longer considering the propriety of the removal, but instead, whether *subject matter jurisdiction* exists at all." Lowrey v. Alabama Power Co., 483 F.3d 1184, 1215 (11th Cir. 2007).

---

[2] Plaintiff does not challenge in her Motion to Remand sanofi-aventis' statements in its Notice of Removal that the $75,000 amount in controversy requirement is met (Notice of Removal ¶ 7, 19-23) or that sanofi-aventis is, and was at the time of the institution of this case, a Delaware corporation that maintains its principal place of business in New Jersey. (Notice of Removal ¶ 8).

4

Noticeably absent from Plaintiff's Complaint and her Motion to Remand is any allegation demonstrating Plaintiff's citizenship. Plaintiff does not allege her citizenship in her Complaint or in her Motion to Remand. At the time of removal, Plaintiff's actual citizenship was not dispositive of whether this case could be removed to federal court. According to the "forum defendant rule," a defendant can remove a non-federal question case with diverse citizenship to federal district court "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1447(b). Therefore, at the time of removal, sanofi-aventis had to demonstrate that Walgreens (an Illinois citizen) was a fraudulently joined defendant, regardless of Plaintiff's actual citizenship.

By failing to move to remand within thirty days of sanofi-aventis filing the Notice of Removal, however, Plaintiff has waived her right to object to removal based on the forum defendant rule. <u>Hurley v. Motor Coach Indus., Inc.</u>, 222 F.3d 377, 380 (7th Cir. 2000) (holding that the forum defendant rule is nonjurisdictional and therefore is waived if not raised within 30 days after the Notice of Removal is filed). Therefore, this court has subject matter jurisdiction over this case and Plaintiff's Motion to Remand must be denied so long as there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Plaintiff makes no argument that the amount in controversy requirement is not met, and therefore this Court has subject matter jurisdiction over this case if there is complete diversity between the parties.

As stated in the Notice of Removal, Walgreens is an Illinois citizen and sanofi-aventis is a Delaware citizen. Plaintiff has never revealed her citizenship. Sanofi-aventis has, however, researched Ms. Toomey's residency through Accurint®, a tool that allows members to search public records and commercially available data sources to locate individuals' addresses. (<u>See</u>

5

www.accurint.com.) According to Accurint®, there is only one individual with the name of Maureen Toomey who has lived in Evanston, Illinois, where Plaintiff filled her Ketek® prescription and was hospitalized. (See Exhibit "A," attached hereto; Complaint ¶¶ 5, 10.) Also according to Accurint®, that same individual now has an address at 12294 Tower Hill Road, Sawyer, Michigan. (See Exhibit "B," attached hereto.) Research using LEXIS' Person Locator® also shows that a Maureen Toomey who lived in Evanston, Illinois currently resides in Sawyer, Michigan. (See Exhibit "C," attached hereto.).

In light of the information learned through Accurint® and Plaintiff's conspicuous failure to plead or allege her citizenship, it appears that Ms. Toomey may be a citizen of Michigan. If she is, complete diversity exists between the parties, regardless of whether Walgreens was fraudulently joined, this Court has subject matter jurisdiction over this case, and Plaintiff's Motion to Remand must be denied. If Ms. Toomey does not currently reside in Illinois and Plaintiff takes the position that, despite her current residency, Ms. Toomey is a citizen of Illinois, sanofi-aventis requests that the Court allow limited discovery as to the citizenship of Ms. Toomey so that it can determine whether or not complete diversity exists between the parties.

B.   Complete Diversity Exists For Purposes of Removal When the Only Non-Diverse Party to the Lawsuit Was Fraudulently Joined.

Generally, diversity jurisdiction requires complete diversity: every plaintiff must be diverse from every defendant. Poulos v. NAAS Foods Inc., 959 F.2d 69, 71 (7th Cir. 1992). Complete diversity exists, however, and removal is proper if the only non-diverse party named in the action (in this case Walgreens) was fraudulently joined. Id. at 73.

Joinder of non-diverse defendants is fraudulent where "there is no possibility that a plaintiff can state a cause of action against [the] nondiverse defendants in state court, or where

6

there has been outright fraud in plaintiff's pleading of jurisdictional facts." Gottlieb v. Westin Hotel Co., 990 F.2d 323, 327 (7th Cir. 1993). Here, Plaintiff cannot possibly maintain an action against Walgreens based upon Walgreens' alleged failure to warn her of potential adverse effects of the prescription drug Ketek®. Illinois law clearly provides that a pharmacy such as Walgreens has no duty to warn a customer such as Plaintiff of a prescription drug's potential adverse effects under the facts alleged in Plaintiff's Complaint. Accordingly, Plaintiff's joinder of Walgreens was fraudulent, complete diversity exists between the remaining parties, and Plaintiff's Motion to Remand should be denied.

C.   Plaintiff Cannot Possibly State a Claim Against Walgreens for Failure to Warn.

A defendant has been fraudulently joined when the applicable state law fails to impose upon that defendant any duty toward the plaintiff, the breach of which could support recovery. Bergman v. U.S. Silica, No. 06-cv-356-DRH, 2006 U.S. Dist. LEXIS 76500, at *18-22 (N.D. Ill. Oct. 17, 2006) (holding that a trucking company was fraudulently joined in products liability action because applicable Illinois law did not impose an applicable duty on providers of peripheral services such as transportation of the product); Sandage v. Cottrell, Inc., No. 05-cv-0720-MJR, 2006 U.S. Dist. LEXIS 67419, at *14-21 (S.D. Ill. Sept. 20, 2006) (holding that car dealership, financial lessor, and holding company were fraudulently joined in products liability action alleging defective design of a car-trailer mechanism because Illinois law assigned them no applicable duty to plaintiff). Whether a defendant owes a duty to a plaintiff is a question of law for the court to decide. Lockwood v. Bowman Constr. Co., 101 F.3d 1231, 1234 (7th Cir. 1996). Illinois law imposes upon pharmacies such as Walgreens no duty, under the facts alleged in Plaintiff's Complaint, to warn Plaintiff of any potential adverse effect of the prescription drug

7

Ketek®. Consequently, Plaintiff cannot possibly prevail against Walgreens on a claim for failure to warn and Walgreens is fraudulently joined.

Illinois cases have consistently held that, absent special circumstances (none of which are at issue in Plaintiff's Complaint), a pharmacist has no duty to provide warnings to a patient concerning appropriate dosage or adverse effects of a prescription drug such as Ketek®. Kasin v. Osco Drug, 312 Ill. App. 3d 823, 829 (2000); Fakhouri v. Taylor, 248 Ill. App. 3d 328, 331-33 (1993); Leesley v. West, 165 Ill. App. 3d 135, 142-43 (1988); Eldridge v. Eli Lilly & Co., 138 Ill. App. 3d 124, 130 (1985). This well-established rule of Illinois law is based on the learned intermediary doctrine. Kirk v. Michael Reese Hosp. & Med. Ctr., 117 Ill. 2d 507, 517 (1987); see Fakhouri, 248 Ill. App. at 331.

The Illinois Supreme Court explained the learned intermediary doctrine in Kirk, a case involving strict liability claims based upon a prescription drug manufacturer's alleged failure to adequately warn of its prescription drug's potential adverse effects. There, the court stated that the learned intermediary doctrine provides "that manufacturers of prescription drugs have a duty to warn prescribing physicians of the drugs' known dangerous propensities, and the physicians, in turn, using their medical judgment, have a duty to convey the warnings to their patients." 117 Ill. 2d at 517. The Kirk court further noted:

> The doctor, functioning as a learned intermediary between the prescription drug manufacturer and the patient, decides which available drug best fits the patient's needs and chooses which facts from the various warnings should be conveyed to the patient, and the extent of disclosure is a matter of medical judgment.

Id. at 519. For these reasons, the Kirk court held that, as a corollary of the learned intermediary doctrine, "there is no duty on the part of manufacturers of prescription drugs to directly warn patients" of a prescription drug's possible adverse effects. Id.

In <u>Leesley</u>, the court applied the learned intermediary doctrine recognized in <u>Kirk</u> to strict liability and negligence claims brought against a pharmacy for injuries to the plaintiff allegedly resulting from the ingestion of the prescription drug Feldene. 165 Ill. App. at 140-43. The plaintiff in <u>Leesley</u> based her claims against the pharmacy upon the pharmacy's alleged failure to issue adequate warnings. <u>Id</u>. at 137. The appellate court relied on the learned intermediary doctrine adopted in <u>Kirk</u> to affirm the trial court's grant of summary judgment to the pharmacy. <u>Id</u>. at 138-39, 142. With regard to the strict liability claim against the pharmacy, the court held that it would be "illogical and inequitable under a strict liability theory to impose a duty on the pharmacist" to warn patients of a prescription drug's possible adverse effects when, under the learned intermediary doctrine, the manufacturers of prescription drugs have no such duty. 165 Ill. App. 3d at 141. In discussing the plaintiff's negligence claim, the <u>Leesley</u> court noted that placing a burden on pharmacies to warn patients directly of the possible adverse effects of a prescription drug prescribed by a physician is "simply inconsistent with the exemption afforded manufacturers by the learned intermediary doctrine." <u>Id.</u> at 142.

The appellate court took a similar approach in deciding <u>Eldridge v. Eli Lilly & Co.</u>, 138 Ill. App. 3d 124, 130 (1985), a case relied upon by the <u>Leesley</u> court. In that case the plaintiff brought a wrongful death action alleging that the decedent died from an overdose of drugs, including Darvon. 138 Ill. App. at 125. The plaintiff sued the pharmacy that filled the decedent's prescriptions on the basis that the pharmacy failed to warn the decedent's physician that his prescriptions to the decedent were for an excessive quantity of Darvon. <u>Id</u>. The appellate court refused to impose upon pharmacists a duty to warn of such excessive prescriptions. <u>Id</u>. at 130. In affirming the trial court's decision to dismiss the pharmacy from the case, the appellate court noted that the duty to warn a doctor of any propensities of a prescription

9

drug falls on the drug manufacturer and that it is the physician's duty, not the pharmacy's duty, to "evaluate the patient's needs, assess the risks and benefits of available drugs, prescribe one and supervise its use." Id. at 127. In refusing to impose upon the pharmacy any duty to warn, the court refused to insert the pharmacy into the decision of how to prescribe a prescription drug:

> The propriety of a prescription depends not only on the propensities of the drug but also on the patient's condition. A prescription which is excessive for one patient may be entirely reasonable for the treatment of another. To fulfill the duty which the plaintiff urges us to impose would require the pharmacist to learn the customer's condition and monitor his drug usage. To accomplish this, the pharmacist would have to interject himself into the doctor-patient relationship and practice medicine without a license.

Id.

The Illinois appellate court again refused to impose a duty to warn on pharmacies in Fakhouri. In that case the plaintiff sought to impose liability upon K-Mart's pharmacy and two of its pharmacists for failing to warn the prescribing physician or the consumer that the prescriptions' quantities were excessive and unsafe. 248 Ill. App. at 329-30. The court ruled that the plaintiff could not allege that the pharmacy or its pharmacists owed him a duty to warn. Id. at 334. The Fakhouri court agreed with the Eldridge court's finding that whether a pharmaceutical drug is proper for a particular consumer depends upon the drug's proclivities and the patient's condition, and therefore to impose a duty to warn upon pharmacists would necessarily and improperly insert pharmacists into the doctor-patient relationship and force them to practice unlicensed medicine. Id. at 331 (quoting Eldridge, 138 Ill. App. 3d at 127). The Fakhouri court further explained:

> Determining which medication is to be utilized in any given case requires an individual medical judgment, which, in our opinion, only the patient's physician can provide. That physician, having prescribed the drug, presumably knows the patient's current condition, as well as the patient's complete medical history. To impose a duty to warn on the pharmacist would be to place the pharmacist in the middle of the

10

>doctor-patient relationship, *without* the physician's knowledge of the patient. Furthermore, under Illinois law, the duty of the manufacturer runs to the physician and not the patient. Therefore, it is illogical and unreasonable to impose a greater duty on the pharmacist who properly fills a prescription than is imposed on the drug's manufacturer.

248 Ill. App. at 332-333 (citations omitted).

As these cases illustrate, the Illinois courts have expressly and repeatedly refused, in the absence of special circumstances,[3] to impose upon pharmacies a duty to warn of the potential adverse effects of a prescribed medication. See also Jones v. Irvin, 602 F. Supp. 399, 401-02 (S.D. Ill. 1985) (noting that the "overwhelming majority" of state cases hold that pharmacists have no duty to warn and noting that such a duty would lead pharmacists to second guess all prescriptions to avoid liability); Frye v. Medicare-Glasser Corp., 153 Ill. 2d 26, 34 (1992) (noting "consumers should principally look to their prescribing physician to convey the appropriate warnings regarding drugs, and it is the prescribing physician's duty to convey these warnings to patients"). In fact, even if a pharmacist voluntarily warns a consumer of a prescription drug's potential adverse effects, Illinois law does not impose a duty on the pharmacist to warn of all of the prescription drug's potential adverse effects. Kasin, 312 Ill. App. at 829. Moreover, Illinois' refusal to impose on pharmacies a duty to warn consumers about the dangers of prescribed medications is consistent with numerous other jurisdictions. See, e.g., Deed v. Walgreen Co., 927 A.2d 1001, 1004 (Conn. Super. 2007) (holding that a pharmacist had no duty to warn a patient regarding the amount and combination of prescription drugs she was taking; citing Illinois case law extensively as exemplifying the majority rule); Allberry v. Parkmor Drug, 834 N.E.2d

---

[3] For example, in Happel v. Wal-Mart Stores, 199 Ill. 2d 179, 197 (2002), the Illinois Supreme Court recognized that the learned intermediary rule precludes imposition on pharmacies of a duty to pass on to a customer relevant warnings given to it by the manufacturer of a prescription drug but held that "a narrow duty to warn exists where . . . a pharmacy has patient-specific information about drug allergies, and knows that the drug being prescribed is contraindicated for the particular patient." Plaintiff has not alleged any such allergies or contraindication here.

11

199, 202 (Ind. App. 2005) (holding that a pharmacist had no duty to warn a patient of adverse side effects of a prescription drug; citing Illinois case law as exemplifying the majority rule); Morgan v. Wal-Mart Stores, 30 S.W.3d 455, 466 (Tex. Ct. App. 2000) (same).

Because, under Illinois law, a pharmacy has no duty to warn customers of potential adverse effects of a prescription medication, Plaintiff cannot possibly prevail against Walgreens on her claim for failure to warn. Accordingly, Walgreens is fraudulently joined in this case.[4]

D.    The Illinois Distributor Statute is Irrelevant to the Removal.

In the state court, Walgreens filed a motion to dismiss in which it argued, among other things, that it is entitled to dismissal from this case under the provisions of the Illinois Distributor Statute, 735 ILCS 5/2-621. Plaintiff's Motion to Remand is based entirely upon her argument that Walgreens' motion to dismiss should be denied because Walgreens is not entitled to dismissal under the Illinois Distributor Statute. (Memo. in Support of Mot. to Remand ¶¶ 12, 19.) Contrary to Plaintiff's argument, however, sanofi-aventis did not base its removal on Walgreen's motion to dismiss. Sanofi-aventis did not even mention the Illinois Distributor Statute in its Notice of Removal. In fact, whether Walgreens is entitled to dismissal from this

---

[4] A line of interrelated cases decided by Judge Murphy in the Southern District of Illinois has held that the learned intermediary doctrine is a case-dispositive defense that cannot be asserted as grounds for fraudulent joinder. See, e.g., Smith v. Merck & Co., 472 F. Supp. 2d 1096, 1098-99 (S.D. Ill. 2007); Brooks v. Merck & Co., 443 F. Supp. 2d 994, 998-1006 (S.D. Ill. 2006); Nicol v. Merck & Co., No. 06-926-GPM, 2006 U.S. Dist. LEXIS 92883, at *7-8 (S.D. Ill. Dec. 22, 2006). These cases, however, incorrectly assume that the pharmacy's freedom from any duty to warn exists only where the manufacturer's warnings to the physician are "inadequate." Smith, 472 F. Supp. 2d at 1099; Brooks, 443 F. Supp. 2d at 999; Nicol, 2006 U.S. Dist. LEXIS at *3. There is no basis for such an assumption in Illinois law. Moreover, such a rule would contravene the policy behind the learned intermediary doctrine as set forth by Illinois courts. To hold that the pharmacy may have a duty—and potential liability—if the manufacturer's warnings to the physician are inadequate would put pharmacies in exactly the position Illinois courts consistently have held they should not be in: namely, the position of having to second-guess the manufacturer's warnings and the physician's resulting advice and practicing unlicensed medicine. See, e.g., Eldridge, Fakhouri, supra; see also Jones, 602 F. Supp. at 402 (noting that such a duty would "only serve to compel the pharmacist to second guess every prescription a doctor orders in an attempt to escape liability"); Kasin, 312 Ill. App. 3d at 829. Under the learned intermediary doctrine, this is the role of the physician, not the pharmacist.

lawsuit under the Illinois Distributor Statute has absolutely no bearing on whether or not Walgreens is a fraudulently joined defendant.

The Illinois Distributor Statute provides a "seller's exception" in products liability actions based in whole or in part on the doctrine of strict liability. Pursuant to 735 ILCS 5/2-621, with certain exceptions, any non-manufacturing defendant in a products liability action in which strict liability claims are asserted who has not contributed to the alleged product defect is entitled automatically to dismissal.

Although sanofi-aventis agrees that Walgreens should be dismissed from this lawsuit under the Illinois Distributor Statute, that is not the basis for sanofi-aventis' argument that Walgreens was fraudulently joined. Rather, sanofi-aventis argues that Plaintiff cannot possibly assert against Walgreens a claim for strict liability or negligence based upon an alleged failure to warn. Specifically, sanofi-aventis argues that, because Walgreens had no duty under the facts alleged in Plaintiff's Complaint to warn Plaintiff of any potential adverse effect of Ketek®, Plaintiff's claims against Walgreens for failure to warn <u>necessarily fail as a matter of law</u>. Stated another way, the Illinois Distributor Statute is unnecessary to secure Walgreens' dismissal from this case. Because Plaintiff cannot possibly assert a claim against Walgreens for failure to warn, Walgreens does not need to invoke the provisions of the Illinois Distributor Statute to be dismissed from this case.

The irrelevance of the Illinois Distributor Statute to sanofi-aventis' removal is well illustrated by Plaintiff's own arguments. Plaintiff argues that Walgreens' dismissal is precluded by 735 ILCS 5/2-621(c), which provides that a court shall not dismiss a non-manufacturing defendant where the plaintiff can show "[t]hat the defendant had actual knowledge of the defect in the product which caused the injury, death or damage." Specifically, relying on the affidavit

13

and testimony of Mr. William Groth, Walgreen's divisional manager for RX purchasing in the RX department, Plaintiff accuses Walgreens and sanofi-aventis of failing to establish that Walgreens did not have actual knowledge of the alleged Ketek® defect.

For the reasons discussed in Section III-B above, however, Walgreens had <u>no</u> duty to issue warnings to Plaintiff regarding the potential adverse effects of Ketek®, regardless of any alleged actual knowledge it may have had regarding the dangers of Ketek®. To impose upon Walgreens a duty to warn based on any knowledge it might have had would be to inject Walgreens into the doctor-patient relationship and require Walgreens to second-guess the propriety of the prescription written by Plaintiff's physician. As the Illinois appellate courts have repeatedly found, it is the physician, not the pharmacist, who "must evaluate the patient's needs, assess the risks and benefits of available drugs, prescribe one and supervise its use." <u>Eldridge</u>, 138 Ill. App. 3d at 127. Moreover, as the <u>Leesley</u> court acknowledged, it would be "illogical and inequitable" to impose upon pharmacists under a strict liability theory a duty to warn consumers of potential dangers of a prescription drug when even manufacturers have no duty to directly warn consumers of prescription drugs. <u>Leesley</u>, 165 Ill. App. 3d at 141.

Because sanofi-aventis has made no argument that Walgreens is fraudulently joined based upon the Illinois Distributor Statute, the argument regarding that statute in Plaintiff's memorandum should be disregarded in its entirety and Plaintiff's Motion to Remand should be denied.

## IV. CONCLUSION

Based upon information recently learned by sanofi-aventis, it appears that Plaintiff may be a citizen of Michigan and not Illinois. If she is, complete diversity exists between the parties and this Court has subject matter jurisdiction over this case. To the extent Plaintiff's citizenship

14

is in dispute, sanofi-aventis requests that it be allowed limited discovery to establish the citizenship of Plaintiff.

Even if Plaintiff is an Illinois citizen, Plaintiff's Motion to Remand must be denied. Plaintiff cannot possibly state a claim against Walgreens for failing to warn her of alleged adverse effects of Ketek®. Illinois courts have consistently held that a pharmacy, like Walgreens, has no duty to warn consumers, like Plaintiff, of a prescription medication's potential adverse effects. Because Walgreens owes Plaintiff no duty to warn as a matter of law, Plaintiff cannot state a claim against Walgreens for failure to warn her of Ketek®'s potential adverse effects. Accordingly, Walgreens is fraudulently joined, complete diversity of citizenship exists between the properly joined parties, and Plaintiff's Motion to Remand must be denied.

Respectfully submitted this 28th day of February, 2008.

> Respectfully submitted,
>
> DONOHUE BROWN MATHEWSON & SMYTH LLC
>
> By:   /s/ Bryan J. Kirsch
>       Bryan J. Kirsch

DONOHUE BROWN MATHEWSON & SMYTH LLC
Donald J. Brown (ARDC #0312630)
John A. Krivicich (ARDC #3127319)
Bryan J. Kirsch (ARDC #6277793)
140 South Dearborn Street, Suit 800
Chicago Illinois 60603
Telephone: 312.422.0900
Facsimile: 312.422.0909

TROUTMAN SANDERS LLP
N. Karen Deming (admitted *pro hac vice*)
Daniel S. Reinhardt (admitted *pro hac vice*)
Lynette Eaddy Smith (admitted *pro hac vice*)
Adam C. Bassing (admitted *pro hac vice*)
600 Peachtree Street, N.E., Suite 5200
Atlanta, Georgia 30308
Telephone: 404.885.3000
Facsimile: 404.885.3900

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAUREEN TOOMEY,

      Plaintiff,

v.

SANOFI-AVENTIS U.S. INC. f/k/a AVENTIS PHARMACEUTICALS INC., f/k/a HOECHST MARION ROUSSEL, INC.; WALGREEN CO.; and BOND DRUG COMPANY OF ILLINOIS d/b/a WALGREEN CO., a corporation,

      Defendants.

No. 07 C 7173

Honorable
Blanche M. Manning

Magistrate Martin C. Ashman

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2008, I caused to be electronically filed: DEFENDANT SANOFI-AVENTIS U.S. INC.'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND, with the Clerk of Court using the CM/ECF System that will send notification of such filing(s) to the following:

John A. Childers    childersj@jbltd.com
Michael C. Holy     holym@jbltd.com
Joseph A. Power, Jr.  joepower@prslaw.com

And I hereby certify that on February 28, 2008, I caused to be mailed by United States Postal Service, a courtesy copy of the above document(s) to the following non-registered participants:

Adam C. Bassing / Lynette Eaddy Smith / Daniel S. Reinhardt / Nancy K. Deming
Troutman SandersLLP
600 Peachtree Street NE, Suite 5200
Atlanta, GA 30308-2216

/s/ Bryan J. Kirsch
Donald J. Brown, Jr. – ARDC #0312630
Bryan J. Kirsch – ARDC #6277793
Donohue Brown Mathewson & Smyth, LLC.
140 South Dearborn, Suite 800
Chicago, IL 60603
Phone: 312/422-0900
Fax: 312/422-0909
E-mail:Donald.brown@dbmslaw.com
E-mail:bryan.kirsch@dbmslaw.com
Attorneys for defendant, sanofi-aventis U.S. Inc.