**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MAUREEN TOOMEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **No.  07 CV 7173** |
| | ) | |
| SANOFI-AVENTIS U.S. INC. | ) | Judge Blanche M. Manning |
| F/K/A AVENTIS PHARMACEUTICALS | ) | Magistrate Judge Martin C. Ashman |
| INC., f/k/a HOECHST MARION | ) | |
| ROUSSEL, INC.; WALGREEN CO.; | ) | |
| BOND DRUG COMPANY OF ILLINOIS | ) | |
| d/b/a WALGREEN CO., a Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HER**
**MOTION TO REMAND PURSUANT TO U.S.C. § 1447(c)**

NOW COMES Plaintiff Maureen Toomey, by and through her attorneys, POWER ROGERS

& SMITH, P.C., hereby files her Reply in Support of her Motion to Remand this matter back to the

Circuit Court of Cook County, Law Division, pursuant to 28 U.S.C. §1447(c).  In support thereof,

Plaintiff submits as follows:

I.    **Introduction**

This matter should be remanded back to the Circuit Court of Cook County.  In its brief in

opposition to Plaintiff's motion to remand, Defendant Sanofi-Aventis makes several arguments

which are either contrary to the law or reliant upon law which is inapplicable due to the

distinguishable fact pattern in this case.  Initially, Plaintiff asserts that the "forum defendant rule"

was not waived.  Rather, the issue as to whether a forum defendant mandates remand is not ripe for

this Court's determination due to the allegation that Defendant Walgreen Co. was fraudulently

joined.  Indeed, Defendant Sanofi-Aventis sought to remove this matter premised upon the alleged

fraudulent joinder of a non-diverse defendant, Walgreen Co. (*See Defendant's Notice of Removal,* p.4, ¶¶14-18). When a petition for removal from a State court is brought in a diversity case, §1441(b) requires that "such action shall be removable only if none of the parties in interest **properly joined** and served as defendants is a citizen of the state of the state in which the action is brought. (*See 28 U.S.C.* §1441(b)). Federal law is clear that a party alleged to have been named fraudulently to a complaint is not a "proper party" at the time of removal. *Schwartz v. State Farm Mutual Auto Insurance Co.,* 174 F.3d 875, 878 (7th Cir. 1999). Further, the reviewing court is not to consider the citizenship of the alleged fraudulently named party. *Ontiveros v. Anderson,* 635 F.Supp. 216 (N.D. Ill. 1986).

Moreover, the alleged fraudulently named party is not required to file its consent to the notice of removal due to its not being a "proper party" under the federal statute. *Jernigan v. Ashland Oil Co.,* 989 F.2d 812 (5th Cir. 1993). Accordingly, as the forum defendant is not considered a proper party at the time of removal, remand based upon the forum defendant rule is not ripe for consideration. The issue for this Court to decide is whether Walgreen Co. was fraudulently joined. Once the Court deems that Walgreen Co. is a proper party, Plaintiff will immediately move that this Court find, *sua sponte*, that the "forum defendant rule" applies, thus, remanding this matter back to the Circuit Court of Cook County.

The contested issue for this Court to decide is whether Walgreen Co. was fraudulently joined. As will be shown *infra*, the cause of action as alleged against Walgreen Co. is viable and not barred pursuant to the learned intermediary doctrine. Contrary to Sanofi-Aventis' position, the Illinois Distributor Statute precludes the dismissal of Walgreen Co. and defeats any argument of fraudulent joinder. Lastly, Sanofi-Aventis' argument of fraudulent joinder of Walgreen Co. premised upon the learned intermediary doctrine is improper based upon the "common defense

rule", namely, the defense of learned intermediary being equally applicable to diverse and non-diverse defendants, and thus improper for dismissal for fraudulent joinder.

For these aforementioned reasons, this Honorable Court should remand this matter back to the Circuit Court of Cook County, the chosen forum of the Plaintiff.

**II.    The Forum Defendant Rule Was Not Waived As Walgreen Co. Is Not Presently A "Properly Joined Party" Capable Of Enacting The Rule**

In its brief in opposition to Plaintiff's motion to remand, Defendant Sanofi-Aventis argues that Plaintiff has waived her objection to raise the forum defendant rule. (*See Defendant's Brief in Opposition,* p.5). Although the Seventh Circuit Court of Appeals in *Hurley v. Motor Coach Industries, Inc.,* 222 F.3d 377 (7th Cir. 2000), held that the failure of a plaintiff to file a motion to remand within thirty days after removal constituted waiver of the forum defendant rule, **that case involved a forum defendant who was a "properly joined" party at the time of removal.** Here, the forum defendant is Walgreen, Co. A case where the asserted basis for federal subject matter jurisdiction is diversity "shall be removable only if none of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought." (*See 28 U.S.C. §1441(b)). See also, LaMotte v. Roundy's, Inc.,* 27 F.3d 314, 315 (7th Cir. 1994)(emphasis by author).

Defendant Sanofi-Aventis filed its notice of removal premised upon the allegation that Walgreen Co. was fraudulently joined in this matter. (*See Defendant's Notice of Removal,* p.4, ¶¶14-18). Because Walgreen Co. was alleged to be fraudulently joined, this Court must disregard its citizenship for purposes of determining diversity. *Schwartz v. State Farm Mut. Auto. Ins. Co.,* 174 F.3d 875, 878 (7th Cir. 1999); *Hoosier Energy Rural Elec. Coop., Inc. v. Amoco Tax Leasing IV Corp.,* 34 F.3d 1310, 1315 (7th Cir. 1994). Indeed, because Walgreen, Co. is alleged to be

fraudulently joined and not a "properly joined" defendant in this action, removing Defendant Sanofi-Aventis may file its notice of removal without Walgreen, Co. joining in the notice of removal. (*See Defendant's Notice of Removal*, p.2, ¶6). *See also, Jernigan v. Ashland Oil Co.*, 989 F.2d 812, 815 (5th Cir. 1993)("[I]n cases involving alleged improper or fraudulent joined parties, however, application of [the consent] requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based upon the contention that no other proper defendant exists.").

Walgreen, Co. is not regarded a properly joined party defendant in this matter. As such, Defendant Sanofi-Aventis did not have to comply with the basic removal procedure of obtaining consent or joinder of all defendant prior to filing its notice of removal. ("[U]nder the rule of unanimity, in order for a notice of removal to be properly before a district court, all defendants who have been served or otherwise properly joined in the action must either join in the removal or file written consent to the removal. *Callahan v. Callahan*, 247 F.Supp.2d 935 (S.D. Ohio 2002); *Phillips v. Intercantieri*, 672 F.Supp. 1109 (N.D. Ill. 1987).

Walgreen, Co. is not a properly joined party in this matter. Walgreen, Co.'s citizenship is to be disregarded by this Court and its consent and/or joinder is not needed by Sanofi-Aventis for removal. Defendant Sanofi-Aventis, however, wants to apply the standard for a properly joined party to apply to Walgreen, Co. when addressing the forum defendant rule. Defendant Sanofi-Aventis failed to cite a single case that was analogous to the facts here. Indeed, the single case it cited in support of the position that Plaintiff waived her argument regarding the forum defendant rule was not a case involving the alleged fraudulent joinder of the forum defendant. In *Hurley v. Motor Coach Industries, Inc.*, 222 F.3d 377 (7th Cir. 2000), the plaintiff was severely injured when the Greyhound bus he was operating became involved in an accident with a jack-knifed double

tractor-trailer. **The plaintiff filed suit in the Illinois state court against several defendants including properly joined forum defendant** Pines Trailer. *Hurley*, 222 F.3d 377 at 378-79. (emphasis added). Defendant Motor Coach Industries [manufacturer of the bus] filed a timely notice of removal. Even though there was a properly joined forum defendant in the case, the plaintiff failed to file a motion to remand the case to state court. *Id*. at 379. The District Court denied plaintiff's motion to remand, holding that plaintiff had waived the argument of "forum defendant rule" by failing to file a motion to remand thirty days subsequent to the notice of removal. The plaintiff's position was that the "forum defendant rule" was jurisdictional, which could never be waived. The District Court disagreed.

The Seventh Circuit Court of Appeals, in affirming the District Court, ruled that although there was case law in other circuits to the contrary, the forum defendant rule was non-jurisdictional, meaning it could be waived. *Id*. at 380-81. The Seventh Circuit held that the plaintiff "had only 30 days to object to removal based upon the presence of Pines [properly joined forum defendant] in the case..." *Id*. The *Hurley* case is distinguishable on the facts. In *Hurley*, there existed a properly joined party defendant at the time of removal which made the forum defendant rule ripe for plaintiff. Here, its being alleged that Walgreen, Co. [the forum defendant] has been fraudulently joined, thus, removing it from being classified as a properly joined party under the statute. This Court must decide that Walgreen, Co. is a properly joined party in this matter before the plaintiff can even raise the forum defendant rule. It is not a ripe issue and as such, is not waived from consideration once this Court decides that Walgreen, Co. is a properly joined party in this matter. *See Thornton v. Signature Flight Support Corp.*, 2004 WL 2608291 (N.D. Ill. 2004)(*[T] he forum defendant rule only applies to defendants who have been "properly joined and served" within the meaning of 28 U.S.C. §1441(b)*).

Accordingly, the issue of enacting the forum defendant rule has not been waived as the issue is not ripe for consideration until this Court rules upon the alleged fraudulent joinder of forum defendant Walgreen, Co. This Court, *sua sponte* or by Plaintiff's immediate motion, should remand this matter back to the Circuit Court of Cook Count pursuant to the forum defendant rule if it finds against the argument of fraudulent joinder and rules Walgreen, Co. is a properly joined party defendant..

### III.   The Illinois Distributors Act Creates A Viable Cause Of Action Against Forum Defendant Walgreen, Co. Which Defeats The Charge Of Alleged Fraudulent Joinder

The law is clear that "where a resident defendant has been fraudulently joined, the forum defendant rule is irrelevant. *Yount v. Shashek*, 472 F.Supp.2d 1055, 1059 (S.D. Ill. 2006). As stated *supra*, this Court needs to determine whether Walgreen, Co. is a properly joined party in this action or was fraudulently joined. Until that determination is made, the issue of the forum defendant rule is not ripe and cannot be advanced by Plaintiff. Plaintiff Maureen Toomey is a citizen of Michigan. As such, complete diversity exists in this matter. Defendant Sanofi-Aventis argued in its notice for removal that forum defendant Walgreen, Co. had been fraudulently joined due to all claims against it being barred pursuant to the learned intermediary doctrine. Contrary to Defendant Sanofi-Aventis' position that the Illinois Distributor's Statute is irrelevant to removal, Plaintiff asserts that §2-621 creates a viable cause of action which should be decided by the Illinois state court.

Defendant Sanofi-Aventis states that the Plaintiff is unable to state a cause of action against Illinois corporation Walgreen, Co. pursuant to the learned intermediary doctrine. (*See Defendant's Brief in Opposition,* pp.7-12) Under Illinois law the immunity of a pharmacist under the learned intermediary doctrine is coextensive with that of drug manufacturer under the doctrine, on the theory that only a physician, not a manufacturer of pharmacist, possesses the specialized knowledge

6

required to warn end-users of a prescription drug of the drug's potential danger, and that it would

be unfair to impose on a pharmacy a duty higher than that owed by a manufacturer. *Fakhouri v.*

*Taylor*, 248 Ill.App.3d 328 (1993); *Leesley v. West*, 165 Ill.App.3d 135 (1988), *cited within Brooks*

*v. Merek & Co.*, 443 F.Supp.2d 994 (S.D. Ill. 2006).

Defendant Sanofi-Aventis has alleged, pursuant to the above doctrine, that Plaintiff

fraudulently joined Illinois corporation Walgreen, Co. Defendant Sanofi-Aventis also stated that

the Illinois distribution act is irrelevant to the issue of removal. (*See Defendant's Brief in*

*Opposition*, p.12) Defendant Sanofi-Aventis also acknowledges, albeit in a footnote, that a line of

cases exists in the Southern District of Illinois which strike down charges of fraudulent joinder when

the Plaintiff alleges the Illinois Distribution Act. (*See Defendant's Brief in Opposition*, p.12,

footnote 4)(*See also Laroe v. Cassens & Sons, Inc.*, 472 F.Supp.2d 1041 (S.D. Ill. 2006); *Yount v.*

*Shashek*, 472 F.Supp.2d 1055 (S.D. Ill. 2006)).

Under Illinois law, all entities in the chain of distribution for an allegedly defective product

are subject to strict liability in tort. *Hammond v. North Am. Asbestos Corp.*, 97 Ill.2d 195 (1993).

Pursuant to 735 ILCS 5/2-621, there is a "seller's exception" in products liability actions whereby

any non-manufacturing defendant who has contributed to the alleged defect is entitled to automatic

dismissal:

> §2-621. **Product liability actions.** (a) In any product liability action based on any theory
> or doctrine commenced or maintained against a defendant or defendants other than the
> manufacturer, that party shall upon answering or otherwise pleading file an affidavit
> certifying the correct identity of the manufacturer of the product allegedly causing injury,
> death or damage. The commencement of a product liability action based on any theory or
> doctrine against such defendant or defendants shall toll the applicable statute of limitation
> and statute of repose relative to the defendant or defendants for purposes of asserting a strict
> liability in tort cause of action. (b) Once the plaintiff has filed a complaint against the
> manufacturer or manufacturers, and the manufacturer or manufacturers have or are required
> to have answered or otherwise pleaded, the court shall order the dismissal of a product
> liability action based on any theory or doctrine against the certifying defendant or

7

defendants, provided the certifying defendant or defendants are not within the categories set forth in subsection (c) of this Section...(c) A court shall not enter a dismissal order relative to any certifying defendant or defendants other than the manufacturer even though full compliance with subsection (a) of this Section has been made where the plaintiff can show one or more of the following:

(1) That the defendant has exercised some significant control over the design or manufacture of the product, or has provided instructions or warnings to the manufacturer relative to the alleged defect in the product which caused the injury, death or damage; or

(2) That the defendant had actual knowledge of the defect in the product which caused the injury, death or damage; or

(3) That the defendant created the defect in the product which caused the injury, death or damage. (*See* 735 ILCS 5/2-621)

In Plaintiff's state court complaint at law, she alleged that Illinois Defendant Walgreen, Co. was a "distributor of many prescription drugs including, but not limited to, the drug commonly referred to as Ketek". (*See Plaintiff's Motion to Remand,* Exhibit A, ¶2). As Plaintiff illustrated in her Motion to Remand, Walgreen, Co. is a viable party in this matter under 735 ILCS 5/2-621(c)(2) of the Illinois Distributor's Act. The affiant upon which Walgreen Co. relies upon in its motion to dismiss actually had knowledge of Ketek and "some problems related to the liver" at the time the drug was launched. (*See Plaintiff's Motion to Remand,* p.7, ¶17). More importantly, Mr. William Groth opined that he is not the person who would have information regarding defects of Ketek, rather, it would be a person in another branch of the corporate structure at Walgreen, Co. (*See Plaintiff's Motion to Remand,* pp.5-7). Rather than being fraudulently joined as Defendant Sanofi-Aventis suggests, the aforementioned testimony makes Walgreen, Co. a viable party in this litigation.

Another basis for remand of this case is what is routinely called the "common defense" rule,

8

which holds generally that where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses. Instead, that is a merits determination which must be made by the state court. *Brooks v. Merek & Co.*, 443 F.Supp.2d 994, 1002 (S.D. Ill. 2006)(quoting *Boyer v. Snap-on-Tools Corp.*, 913 F.2d 108, 113 (3rd Cir. 1990). To show fraudulent joinder, the defendants must show a flaw specific to the joinder of a non-diverse party, which is the jurisdictionally relevant aspect of the claim. *Id.* Here, the "common defense " rule would allow remand. Defendant Sanofi-Aventis is claiming that Illinois Defendant Walgreen, Co., was fraudulently joined due to the impossibility of obtaining a judgment under the learned intermediary doctrine. That doctrine, however, would be available as a defense to the defendant manufacturer as readily as the pharmacy. Accordingly, under the "common defense" rule, Defendant Sanofi-Aventis is unable to remove this matter by alleging fraudulent joinder against Defendant Walgreen, Co.

## IV.  Conclusion

WHEREFORE, for the aforesaid reasons, Plaintiff Maureen Toomey prays for the following relief:

(a)    That this Court find that Illinois Defendant Walgreen, Co. is a "properly joined" party defendant in this action and not fraudulently joined;

(b)    That this Court find, *sua sponte*, that this matter is remanded back to Illinois Circuit Court pursuant to the forum defendant rule as properly joined party defendant Walgreen, Co. is now a viable party.

Respectfully submitted,
**POWER ROGERS & SMITH, P.C.**


By:___s/Joseph A. Power, Jr._____

Joseph A. Power, Jr.
Sean M. Houlihan
POWER ROGERS & SMITH, P.C.
70 West Madison Street
Suite 5500
Chicago, IL 60602
(312) 236-9381

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2008, I electronically filed Plaintiff's Reply in Support of Motion to Remand with the Clerk of the Court using the CM/ECF system which will send notification to such filing(s) to the following:

Donald Brown, Jr.
Email: donald.brown@dbmslaw.com

Bryan Jonathan Kirsch
Email: bryan.kirsch@dbmslaw.com

John A. Childers
Email: childersj@jbltd.com

Michael C. Holy
Email: holym@jbltd.com

John A. Childers
Email: childersj@jbltd.com

Respectfully submitted,

/s/Joseph A. Power, Jr.
Power, Rogers & Smith, P.C.
Attorneys for Plaintiff
70 W. Madison St., 55th FL.
Chicago, IL. 60602
312/236-9381
Fax: 312/236-0920