## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 CV 7173 | **DATE** | July 31, 2008 |
| **CASE TITLE** | *Toomey v. sanofi-aventis* | | |

**DOCKET ENTRY TEXT**

Plaintiff Maureen Toomey's motion to remand [10-1] is denied.

■[ For further details see text below.]   Docketing to mail notices.

00:00

### STATEMENT

   In 2005, plaintiff Maureen Toomey scheduled an appointment with her doctor hoping to obtain relief from sinusitis. But according to Toomey, the discomfort caused by her sinusitis paled in comparison to the side effects of the antibiotic her doctor prescribed, Ketek, including auto-immune hepatitis and carpal tunnel syndrome. She filed suit in state court against the drug manufacturer, sanofi-aventis, and her pharmacy, Walgreen Co., alleging that they failed to warn her about the antibiotic's side effects. Defendant sanofi-aventis removed the case to federal court, but Toomey has filed a motion to remand based upon 28 U.S.C. § 1441(b), the forum defendant rule. For the reasons below, Toomey's motion to remand is denied as untimely.

### ANALYSIS

   Sanofi-aventis removed on the basis of diversity jurisdiction: plaintiff Toomey is a citizen of Michigan; defendant sanofi-aventis is a Delaware corporation with its principal place of business in New Jersey while defendant Walgreen Co. is both located and incorporated in Illinois. However, under 28 U.S.C. § 1441(b), removal is proper only if "none of the parties in interest properly joined and served as defendants is a citizen of the state in which the action is brought." Walgreen Co. is a citizen of the state in which Toomey's action was brought, and therefore removal would appear to be barred by the forum defendant rule.

   To avoid the effect of that rule, sanofi-aventis asserted in its notice of removal that Toomey had fraudulently joined Walgreen Co., and therefore Walgreen's presence in the suit did not foreclose removal. Toomey now seeks to remand, arguing that Walgreen Co. was not fraudulently joined and therefore sanofi-aventis' removal from state court was improper.

   A motion to remand must be made within 30 days after the filing of the notice of removal. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter

**STATEMENT**

jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). Sanofi-aventis filed its notice of removal on December 21, 2007. Toomey filed her motion to remand on January 25, 2008. Accordingly her motion was filed too late and, as a result, her argument about the forum defendant rule is deemed waived. *See Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 380 (7th Cir. 2000) (the requirements of the forum defendant rule are procedural, not jurisdictional, and therefore a plaintiff who misses the 30-day deadline to file a motion to remand based upon the forum defendant rule waives the issue).

Nevertheless, Toomey argues that *Hurley* is distinguishable because, in that case, it was undisputed at the time of removal that the forum defendant had been properly joined. In contrast, sanofi-aventis asserted at the time of removal that Walgreen Co. was a fraudulently-joined defendant. Based upon that assertion, Toomey contends that whether Walgreen Co. was fraudulently joined is a threshold question that the district court must resolve before her argument about the forum defendant rule is ripe.

The applicability of the forum defendant rule turns on whether, at the time of removal, the forum defendant was properly joined, not whether the parties *perceived* it to be properly joined. Toomey has cited no case or authority supporting her argument that a defendant is not properly joined for purposes of the forum defendant rule based solely upon the other parties' perceptions. Accordingly, the argument is both unconvincing and forfeited. *See Hardrick v. City of Bolingbrook*, 522 F.3d 758, 762 (7th Cir. 2008) (arguments that are undeveloped or unsupported by citations to authority are forfeited).

Moreover, the text of § 1447(c) does not support Toomey's view. The statute explicitly states that a motion to remand based upon any "defect other than lack of subject matter jurisdiction" must be filed within 30 days "after the filing of the notice of removal." 28 U.S.C. § 1447(c). Toomey is not arguing that the court lacks subject matter jurisdiction, and therefore her motion is subject to the 30-day limit set forth in § 1447(c). The 30-day limit begins to run "after the filing of the notice of removal," and Toomey has identified no exception for motions to remand that also require the court to rule upon an underlying issue such as fraudulent joinder.

Accordingly, Toomey filed her motion for remand too late, and waived any argument in favor of remand based upon the forum defendant rule. Because she has presented no other basis for remand, her motion is denied.

rs/cpb